Harkness & Russell v. Briscoe.

---

HARKNESS & RUSSELL, Appellants, v. JOHN BRISCOE, Respondent.

Kansas City Court of Appeals, December 7, 1891.

1. **Principal and Agent:** DEFENSE TO AGENT'S COMPENSATION. In an action on a note given by a principal to his agent for the commissions of the agent, the fact that the agent did not perform the contract with the principal according to its terms is a good defense.

2. ———: AGENT'S NON-PERFORMANCE: PRINCIPAL'S DAMAGE. The agent's contract was that he would examine the records and report to his principal all incumbrances on the lots the agent was taking in exchange for the principal. This he failed to do, and one lot of the three lots exchanged for a valuable farm was sold under a judgment, and the principal never got possession. *Held*, that it was not necessary to defeat an action by the agent for his commission, to prove the exact value of the lot so lost, as it would probably be in an action by the principal against the agent on the contract to recover damages.

3.   Evidence : PAROL AS TO MATTERS NOT INCLUDED IN WRITTEN CON-
     TRACT.  It is conclusively presumed that a written contract,
     which purports to contain the entire agreement, covers the entire
     subject and extent of the understanding of the parties ; but, when
     it does not purport to do so, parol evidence is admissible to show
     the part not covered by the writing.

4.   Principal and Agent: MIDDLEMAN : DUAL EMPLOYMENT.   There
     is in this case no evidence to show that the agent was employed to
     act as a middleman to bring the parties together, but it is shown
     that the defendant put his property in the agent's hands to
     exchange and was entitled to his undivided services, and the
     agent's acting as the agent of both parties is fraudulent and
     against public policy.

5.   ——— : NOTICE TO PRINCIPAL : WRITTEN CONTRACT : INSTRUCTIONS.
     Upon consideration of a written contract, an instruction telling
     the jury such contract did not show the agent was to receive com-
     pensation from the other party is approved.   The instructions in
     this case having presented the law applicable to every possible
     aspect of the case, the judgment is affirmed.

*Appeal from the Morgan Circuit Court.*—Hon. E. L.
                    EDWARDS, Judge.

AFFIRMED.

*L. A. Laughlin* and *A. W. Anthony*, for appellants.

(1)  Where a principal suffers injury from the
negligence of an agent he is entitled to receive such a
sum in damages as will place him in as favorable condi-
tion as he would have been in had the contract and
duty been fulfilled.   3 Sutherland on Damages, p. 5 ;
Meachem on Agency, sec. 506.   The measure of dam-
ages where one is ousted by a failure to remove an
incumbrance is the purchase price.   *Chinn v. Wagoner*,
26 Mo. App. 678 ; *Kellogg v. Malin*, 62 Mo. 429.   (2)
Where a broker acts as a middleman in bringing parties
together who make their own trade he can recover com-
missions from both parties though neither party has
knowledge of his dual employment.   *Rupp v. Sampson*,
16 Gray, 398 ; *Siegel v. Gould*, 7 Lans. ( N. Y.) 177 ;

*Mullen v. Keetzleeb*, 7 Bush (Ky.) 253. (3) The consideration of a contract not stated on the face of an instrument or so stated as to leave the real consideration in doubt may be shown by parol. *Edwards v. Smith*, 63 Mo. 119; *Bartlett v. Matson*, 1 Mo. App. 151; *Lumber Co. v. Warner*, 93 Mo. 384; *Price v. Reed*, 38 Mo. App. 489; *Peacock v. Monk*, 1 Ves. Sen. 128; *Bouser v. Cravener*, 56 Pa. St. 132. It is the duty of the court to give effect to every clause of a contract if possible. *Webb v. Ins. Co.*, 14 Mo. 3; *Shickle v. Chouteau*, 84 Mo. 161. (4) Parol evidence is inadmissible to incorporate with a written instrument an oral agreement made contemporaneously therewith, or anterior thereto. *James v. Clough*, 25 Mo. App. 147; *Walker v. Engle*, 30 Mo. 130; *Pearson v. Carson*, 69 Mo. 550; *State ex rel. v. Hoshaw*, 98 Mo. 358; *Gooch v. Connor*, 8 Mo. 391.

*D. E. Wray* and *Draffen & Williams*, for respondent.

(1) The defendant's first instruction was properly given. *Fletcher v. Wagon Co.*, 35 Mo. App. 321; *Stout v. Tribune Co.*, 52 Mo. 342; *Earp v. Tyler*, 73 Mo. 617; *Reiger v. Biggers*, 29 Mo. App. 429. "In law, as in morals, it may be stated that, as a principle, no servant can serve two masters." Unless the principal contracts for less, the agent is bound to serve him with all his skill, judgment and discretion. Therefore, by engaging with the second, he forfeits his right to compensation from the one who first employed him. *Bell v. McConnell*, 41 Am. Rep. 528; *Scribner v. Collar*, 40 Mich. 375. (2) The evidence of the verbal contract, by which Burgin was employed by defendant, in no manner varied or was contradictory of the subsequent written agreement by which the exchange was effected. The agreement as to what Burgin was to do and what he was to receive for his services was made before the

exchange was brought about. There is nothing in the subsequent written contract upon that subject. The contract as filled out was merely an agreement between Malone and Briscoe for the exchange of their property. *Harrison v. Railroad*, 74 Mo. 364. (3) The blanks in the printed contract, instead of showing to the defendant that his agent was receiving commissions from the other party, would rather indicate the contrary. This contract was no notice to the defendant of the dual payment. (4) The plaintiff asked sixteen instructions, seven of which were given. There were but two issues in the case. The court below was justified in refusing the instructions on account of the great number asked, if for no other reason. *Desberger v. Harrington*, 28 Mo. App. 632 ; *Kinney v. City of Springfield*, 35 Mo. App. 97; *McAllister v. Barnes*, 36 Mo. App. 668; *Renshaw v. Ins. Co.*, 33 Mo. App. 394.

SMITH, P. J.—The plaintiffs brought suit against defendant on a promissory note for $400 made to H. S. Burgin, and by him assigned to the plaintiffs after maturity. The answer, after admitting the execution and assignment of the note, alleged that said note was obtained from the defendant by said Burgin, and defendant was induced to execute the same in payment of commission to said Burgin for effecting the exchange of a farm owned by the defendant in the state of Kansas, known as the Elm Ranch, for Kansas City real estate ; that said Burgin was at said time a real-estate agent in Kansas City, Missouri ;. that he undertook and agreed with this defendant to effect an exchange, for defendant, and as his agent, of defendant's said farm for Kansas City property, and in said transaction to act for and represent defendant, and to use his best judgment and skill in managing such matter, and acting for defendant in making said exchange ; that said Burgin further agreed and undertook to examine the title to the property for which defendant's

said farm might be exchanged, and to ascertain and report whether there were incumbrances against the same, before the completion of any contract that he might make for the exchange of defendant's farm for such property; that, for all of said services faithfully performed by said Burgin, the defendant was to pay him the sum of $400; that the said Burgin effected an exchange, and represented to the defendant that he had examined the title to the property in Kansas City which he, as defendant's agent, had agreed to receive in exchange for said farm, and reported certain incumbrances, and none other upon said property; that defendant was thereby induced to ratify said trade and to convey his said farm to the owner of said Kansas City property, and to accept deeds for said Kansas City property in exchange for said farm; that said Burgin then assured the defendant that he had faithfully represented and acted for him in making said exchange, and that he had carefully examined the records, as to the title of the Kansas City property, and that he was entitled to the said commission of $400; that defendant thereupon executed said note sued on and delivered same to Burgin in payment of said commissions, and for no other consideration; that in truth and in fact the said Burgin had not earned said commission, and his representations that he had faithfully acted for the defendant, and as his agent in said exchange, and had carefully examined the records, as to the title of said Kansas City property, were false, and were made fraudulently to induce this defendant to execute said note; that the defendant believed said statements to be true, and executed said note in ignorance of the real facts; that said Burgin, without the knowledge of the defendant, was, in the matter of said exchange, acting for and as the agent of the other party to the contract of exchange, and was in the employ of said party, and was paid for the services in effecting said exchange by the owner of said Kansas City real estate; that said

Burgin did not carefully examine the records as to the
title of said Kansas City property, and did not report
the incumbrances thereon to the defendant, but on the
contrary, said Burgin, wholly failed and neglected
to mention or report an incumbrance on part of said
property; and after said exchange said property was
sold to satisfy such incumbrance, and was wholly lost
to the defendant, whereby the defendant lost the sum of
$1,000; that the defendant, at the time he executed the
note sued on, was ignorant of the employment of said
Burgin by the other party to said contract, and of the
failure of said Burgin to examine said title, but was
induced to execute the same by the false representa-
tions of said Burgin, that he had complied with his
contract and was entitled to said commission.     The
replication was a general denial.

I.     The appealing plaintiffs contend that the trial
court erred in giving instruction, numbered 1, for
defendant, which, in effect, told the jury that, if it was
Burgin's contract that he should examine the abstracts
of title and report the incumbrances upon the property,
in addition to effecting the exchange, and that for his
entire services he was to receive $400, and that
he did not make such examination as required by the
contract, or if he was without the defendant's knowl-
edge acting as the agent of, and was receiving pay from,
the other party to the contract, then he was not enti-
tled to compensation for his services from the defend-
ant, and if the note was given for such compensation
by defendant while he was ignorant of said facts, and
that the same was transferred by Burgin to plaintiffs
after maturity, there could be no recovery.     The first
ground of objection suggested is, that there was no evi-
dence offered by the defendant showing that he had
sustained any loss by reason of the sale of the prop-
erty under the unreported judgment. We do not so
understand it.     The undisputed evidence is, that
the defendant exchanged his Kansas farm for three

improved lots in Kansas City, and that, shortly after the delivery of the deeds to him therefor, one of them was sold under the judgment, so that he never entered into the possession of it. It seems that the defendant entirely lost this piece of property for which he, in part, exchanged what appears to have been a farm of great value. The evidence gives no direct intimation as to the value of the property which the defendant lost by the alleged neglect of Burgin to ascertain and report the fact that the judgment was a subsisting lien on it.

If this were an action by the defendant against Burgin on the verbal contract, the measure of his damage would probably be the value of the property lost. The defendant would be in such case entitled to be at least placed in as favorable condition as he would have been had the contract been performed on the part of Burgin. But in this action between the present parties we think that principle inapplicable. The rule outlined in the instruction in question, to the effect, if Burgin did not perform the contract with defendant according to its terms, that then the plaintiffs could not recover on the note, was, we think, the proper one. *Fletcher v. Wagon Co.*, 35 Mo. App. 321; *Stout v. Tribune Co.*, 52 Mo. 342 ; *Earp v. Tyler*, 73 Mo. 617; *Reiger v. Bigger*, 29 Mo. App. 429.

II. The plaintiffs' further contention is that parol evidence is inadmissible to incorporate with a written instrument an oral agreement made contemporaneously therewith or anterior thereto. No doubt the rule is well settled, as the cases cited by plaintiffs' counsel fully attest, that it will be conclusively presumed that a written contract, which purports to contain the entire agreement, covers the entire subject and extent of the understanding of the parties thereto. The tripartite written agreement in this case does not purport to cover the entire subject of the verbal agreement. The obligation which this agreement imposed upon Burgin to ascertain the incumbrances on Malone's property and to

see that defendant got good title to the same, as well as the matter of commission was not covered by the written agreement. This matter was omitted therefrom. The execution and performance of the latter was wholly independent of the tripartite agreement. It was a condition precedent—one of the essential steps which led up to the execution of the contract for the exchange of properties with Malone. It was breach of the verbal contract on the part of Burgin before the written contract was entered into that occasioned the loss of the lot by the defendant. There is nothing in the written contract indicating that the defendant had waived any right that had already accrued under the verbal agreement, or that he intended to release Burgin from his obligations under the latter. The instructions of the court in respect to the validity and effect of the antecedent verbal agreement, were not erroneous. *Harrison v. Railroad*, 74 Mo. 364.

III. The plaintiffs contend that the trial court committed further error in declining to instruct the jury in effect that, when a broker acts as a middle man in bringing parties together who make their own trade, he can recover commissions from both parties, though neither has knowledge of his dual employment. Without expressing an opinion upon this proposition as stated, it is sufficient to say that there was no evidence tending to show that Burgin was employed merely to perform the preliminary work of bringing the parties together for mutual negotiations. Defendant placed his property in Burgin's hands as his agent for exchange, and he was entitled to his undivided services. Burgin advised him that the trade would be a good one. He implicitly relied on the representations of Burgin. He did not know that he (Burgin) was also acting as the hired agent of Malone, in the matter. The functions which he had engaged to perform for the defendant, involved the exercise of all his skill, judgment and discretion. We

have Burgin acting as agent of both parties, his conduct in this particular giving evidence of the deep wisdom of the law in delaring such an act fraudulent and of no effect. Accordingly, a contrivance which reduces the two parties to one, and admits an agent representing antagonistic interests to make a bargain by himself, is so far against the policy of the law that the contract is held void. It is a sufficient objection to a contract on the ground of public policy that it has a direct tendency to induce fraud and malpractice on the rights of others. *Rees v. Garth*, 36 Mo. App. 641 ; *Huggins, etc., Co. v. Ins. Co.*, 41 Mo. App. 530. There was no error in the ruling of the court in this regard.

IV. It may well be doubted whether the written contract offered by the plaintiffs in evidence was admissible under the pleadings, since it was not pleaded in avoidance of the agreement set up in the defendant's answer. However that may be, we are not inclined to think the defendant's third instruction, which told the jury that, as the blank in the said contract was not filled, upon its face it did not show that Burgin was to receive compensation from Malone for his services in making the exchange, was erroneous. We do not think any recital in the written contract informed the defendant that Burgin was to receive compensation from Malone for the services covered by the defendant's verbal agreement with the former. The instructions given for the plaintiffs with the three given for defendant presented the law applicable to every possible aspect of the case.

The action of the court in refusing the ten other instructions asked by plaintiff was proper enough. It would have been justifiable on account of their great number, especially in so plain and simple a case as this.

The judgment is affirmed. All concur.