19  401
f26  548

SCOTT ET AL., PLAINTIFFS IN ERROR, v. LLOYD ET. AL.,
DEFENDANTS IN ERROR.

1. PRINCIPAL AND AGENT.

The rule requiring good faith and fair dealing on the part of an agent toward his principal, and not permitting him to assume a double capacity whereby his interest may conflict with those of his principal, is not violated by the agent's agreement to forego a part of his commissions in order to consummate a trade.

2. SAME.

There is nothing reprehensible in the agreement of a real estate agent to divide his commissions with a purchaser. It is to be regarded rather as a personal sacrifice on his part to further the interests of his principal.

3. BROKERS' COMMISSIONS.

Where the principal has placed property in the hands of different agents for sale at the same price, he may pay the commissions to the one who produces the purchaser. By paying the commissions to the one who brought the purchaser, he is relieved from liability to the other.

*Error to the County Court of Pueblo County.*

THIS action was commenced before a justice of the peace in Pueblo county, to recover the sum of $150 commission for the sale of certain real estate in the city of Pueblo. It was appealed to the county court and tried to the court without formal pleadings, and judgment rendered for defendants.

From the evidence it appears that the plaintiffs were real estate agents in the city of Pueblo ; that the defendants were the owners of lots 4 and 5 in block 11 in the County Addition to that city, and that they placed said property in the hands of plaintiffs for sale at the fixed sum of $3,000, one-third cash and the balance to suit purchaser, with the express agreement to pay five per cent commission upon sale of the property. The defendants also placed the property in the hands of Chew & Crow, another real estate firm of that city, for sale at the same price. The plaintiffs finally negotiated a sale to Mrs. Mary McGowen, through her husband, for the

sum of $1,400 cash, purchaser assuming the payment of an incumbrance of $1,600 on the lots. This change of terms was acceptable to defendants, and sale was consummated by the execution of a deed by the defendants to the purchaser upon the receipt by them, through the hands of plaintiffs, of the cash payment of $1,400. The firm of Chew & Crow, at the time of these negotiations, was also attempting to sell the property, and had first shown the lots in question to the husband of the purchaser, and with the consent of the defendants had offered the lots to him at the reduced price of $2,950, with the understanding that they would remit the difference between that sum and the original price from their commission. The plaintiffs, on being informed by McGowen of this offer, agreed to give him one half of their commission to induce him to purchase the lots through them.

Mr. B. D. V. REEVE and Mr. A. F. GUNNELL, for plaintiffs in error.

Mr. J. H. MITCHELL and Mr. J. W. SLEEPER, for defendants in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The principal defense relied on in the court below, and the one most strenuously urged in argument before us, is the alleged misconduct on the part of plaintiffs in agreeing to divide their commission with the purchaser; and the admission of the evidence of this fact and the effect given to it by the court constitutes the principal error assigned by plaintiffs in error for a reversal of the judgment.

It is manifest, from the examination of the evidence disclosed in the record, that this fact was regarded by the court below as sufficient to defeat the plaintiffs' recovery, since, aside from this, the right of plaintiffs to recover is clearly shown. It is ingeniously argued that the agreement on the part of plaintiffs to pay the purchaser one-half of the com-

mission reduced the purchase price of the property, and that the sale, though apparently, was not in fact, consummated in accordance with the terms prescribed by defendants ; and that in so depreciating the price and procuring the execution of the deed by defendants without informing them of the fact, plaintiffs perpetrated such a fraud on the defendants as precludes them from recovering the commission.

We think this position is untenable. The defendants received $3,000, the sum fixed by them as the purchase price, and that amount is recited in the deed as the consideration paid for the property. It is difficult to see how any disposition that the plaintiffs might make of their commission, whether they paid one-half or the whole of it to the purchaser, could in any manner depreciate the consideration so paid.

While the law is strict in requiring good faith and fair dealing on the part of an agent towards his principal, and will not permit him to assume a double capacity whereby his personal interests may in any manner conflict with the interests of his principal, we are unable to see wherein the conduct of plaintiffs infringes this rule in the remotest degree. Why may not an agent, in competition with other agents, make any personal sacrifice he may choose to make in order to achieve success ? May he not do what he pleases with the commissions that he is to receive from his principal ? And if he deemed it necessary to successful competition to even pay a bonus to procure a purchaser, may he not do so, if in so doing he contravenes no duty he owes to his principal ? Is not such an act an evidence of good faith and zeal in behalf of his principal, rather than of fraud or misconduct prejudicial to his principal's rights ? We can see nothing reprehensible in plaintiffs agreeing to divide their commission with the purchaser, but regard it rather as a personal sacrifice on their part to further the interests of the defendants.

It further appears that Chew & Crow asserted some claim to the commission, and it is at their instigation that defendants contest the right of plaintiffs to compensation. While the defendants themselves do·not predicate their refusal to

pay plaintiffs on account of any supposed liability to Chew
& Crow, it is insisted by counsel that by reason of plaintiffs'
alleged fraud the defendants are placed in a position where
there is a dispute, and may be subjected to a double liability.

If such a defense was asserted and relied on by defendants,
it would be without merit upon the facts of the case. It is
beyond question that plaintiffs produced the purchaser to
whom they sold and conveyed the property, and they were
not bound to inquire what part, if any, other agents had in
the transaction. They could remain neutral as between com-
peting agents, and by paying the commission to the one who
brought the purchaser to them be relieved from liability to
any other. As was said in the case of *Vreeland v. Vetterlein*,
33 N. J. Law, 247 :

" Where the property is openly put in the hands of more
than one broker, each of such agents is aware that he is sub-
ject to the arts and chances of competition. If he finds a
person who is likely to buy, and quits him without having
effected a sale, he is aware that he runs the risk of such per-
son falling under the influence of his competitor—and in
such case he may lose his labor. This is a part of the inev-
itable risk of the business he has undertaken. * * * Now in
this competition, the vendor of the property is to remain
neutral ; he is interested only in the result. But when either
of the agents thus employed brings a purchaser to him, and
a bargain is struck at the required price, on what ground
can he refuse to complete the bargain ? Can he say to the
successful competitor, this purchaser was first approached
by your rival, and you should have refused to treat with him
on the subject ? There is no legal principle upon which such
a position could rest. * * * And if, therefore, it should be
known to the vendor of the property that the agent who in-
troduces a purchaser to him has, by the usual arts of compe-
tition, taken such purchaser out of the hands of his rival, I
am not aware of anything in the law which would justify
such vendor in a refusal to complete the contract. * * * In
the absence of all collusion on the part of the vendor, the

agent, through whose instrumentality the sale is carried to completion, is entitled to the commissions."

It is therefore evident, upon the uncontroverted facts of this case, that defendants can in no event be held liable to Chew & Crow for a commission for the sale of the property in question. We think the court below acted upon an erroneous view of the law in admitting the evidence complained of, and in giving it the effect that it evidently did, and for this reason the judgment must be reversed.

*Reversed.*