(12 Misc. Rep. 432.)

## BAKER v. THOMAS.

(Common Pleas of New York City and County, General Term. May 6, 1895.)

FACTORS AND BROKERS—RIGHT TO COMMISSIONS.

    A broker is not entitled to commissions, though he first brought the parties together without result, where the sale was afterwards effected through another broker.

Appeal from city court, general term.

Action by Frank S. Baker against James R. Thomas for broker's commissions. From a judgment of the city court (31 N. Y. Supp. 993) affirming a judgment entered on a verdict in favor of plaintiff, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Sidney H. Stuart, for appellant.
Alexander Lehman and L. A. Gould, for respondent.

BISCHOFF, J. This action was brought to recover commissions alleged to have been earned by plaintiff upon a sale of certain real property of the defendant. The plaintiff's employment by the defendant as broker to effect a sale sufficiently appears from the record, but the evidence fails to support the essential fact that he was procuring cause of the sale which actually took place, and the appellant's exceptions to the denial of his motion for a dismissal of the complaint, or the direction of a verdict, present error for which the judgment must be reversed. The facts, as shown in behalf of the plaintiff, were that by the terms of a letter received from the defendant's general agent, Simonson, he was instructed to find a purchaser of the property at the price of $40,000, in pursuance of which instruction he introduced one Flahive, who was not, however, willing to pay the sum required. Simonson then offered to accept $38,000, and Flahive stated that he would consider the offer, and "let them know."

Subsequently plaintiff again brought these parties together, but, according to his testimony, "nothing took place then, except that he thought to get it less, but could not; that is all that took place. There was no other meeting,—none with me." Again he testified:

"I do not recollect that I heard anything further from Mr. Flahive, but finally he came into my office, or I met him upon the street. I saw him somewhere afterwards, and he told me that he had decided to take the house, but through another broker, who had finished the negotiations."

The property was purchased by Flahive at the price of $38,000, some two months after the last meeting between plaintiff and Simonson, as mentioned above, and, according to disinterested and uncontradicted testimony given on behalf of defendant, through another broker. The fact that the price finally agreed upon by the parties to a sale is less than that which the broker was instructed to secure does not affect the latter's right to his commissions, where he is instrumental in bringing the vendor and purchaser together, and the negotiations thus opened continue uninterruptedly to a culmination, Gold v. Serrell, 6 Misc. Rep. 126, 26 N. Y. Supp. 5; Levy v. Coogan [Com. Pl. N. Y.] 9 N. Y. Supp. 534), but the right to commissions depends upon the performance of the obligation assumed as a condition to that right, which is to bring the buyer and seller to an agreement (Sibbald v. Iron Co., 83 N. Y. 381), and, failing this, the fact that a sale is subsequently made to the identical individual whom the broker had introduced is not of significance, except in a case where bad faith upon the part of the vendor may be shown (case last cited), (which element was absent in the present case.) The evidence before us discloses no agreement between the buyer and seller, induced through the plaintiff's efforts. The meetings, with regard to which he himself testified, were productive of no mutual assent to terms upon the part of the individuals concerned, and it is uncontradicted that the sale as finally brought about was after the completion of negotiations through a broker other than the plaintiff. It is, of course, unnecessary that the broker should be actually present where the parties finally agree (Bickart v. Hoffman [Com. Pl. N. Y.] 19 N. Y. Supp. 472; Sibbald v. Iron Co., supra), but it is essential that the agreement as concluded should be that procured by the individual claiming commissions, and it is for him to show that such was the fact. Testimony as to a mere introduction of the parties by the broker, resulting in no meeting of their minds, and a sale taking place two months and more thereafter, with no further action upon the part of the broker, and nothing being shown as to continued negotiations between the parties after their introduction and failure to agree, if tending to disclose a cause of action in any event, we view as presenting but a scintilla of evidence in the case before us, and unavailing against the motion for a nonsuit made below. Hudson v. Railroad Co., 145 N. Y. 413, 40 N. E. 8; Carroll v. Tucker, 2 Misc. Rep. 397, 21 N. Y. Supp. 952. Judgment reversed, and new trial ordered, with costs to abide the event. All concur.