# GLASCOCK *v.* VANFLEET.

*(Jackson.* March 8, 1898.)

REAL ESTATE BROKERS. *Right to commissions.*

A real estate agent cannot recover commissions for a sale of property placed in his hands, to a purchaser who first talked about the property with him, where several brokers are employed by the owner, and each has knowledge of that fact, and another agent effects the sale without any knowledge of the previous talk of the former agent with such purchaser.

Cases cited: Royster *v.* MacGeveny, 9 Lea, 148; Arrington *v.* Cary, 5 Bax., 609; 33 N. J. L., 247; 52 N. W. Rep., 43; 36 N. E. Rep., 294; 35 Pac. Rep., 733; 124 Mass., 224; 3 Daly, 434; 33 N. Y. St., 613; 44 Ill. App., 444: 35 Ill. App., 617.

## FROM SHELBY.

Appeal from Chancery Court of Shelby County. STERLING PIERSON, Ch.

BROWN, HIRSCH & BROWN for Glascock.

T. H. JACKSON· for Vanfleet.

WILKES; J. This is an action to recover commissions as agents for a sale of certain real estate in Memphis. The property belonged to the Raja heirs, and was sold to Vanfleet for $20,000 by the

Gilchrist Company. The complainants had the property listed, and had done some work in trying to effect a sale of it, and had some negotiations with Vanfleet, and when they learned that the sale was about to be effected by the Gilchrist Company they notified the purchaser, Vanfleet, that they claimed commissions, or a part of them, out of the proceeds. Vanfleet denied that they were entitled to any commissions, but, in order that the trade might not be interfered with, agreed to guarantee such commissions as they could show themselves entitled to. An attempt was afterwards made to arbitrate the matter, but failed, and this suit was brought. The Chancellor denied any relief, and dismissed the bill, and complainant has appealed and assigned errors.

The property, it appears, had been put into the hands of a number of real estate agents for sale by the Raja heirs, but no agency was exclusive. It appears that the first conversation Vanfleet had about the property with any agent was with Glascock. Vanfleet introduced this conversation and said that it would be desirable property, and that he saw a number of signs of different real estate agents on it but did not see Glascock's. Glascock informed him that they also had the property for sale, and priced it to him at $27,000. A few days afterwards he saw Vanfleet again, and gave him further information in regard to the property, and finally told Vanfleet that the lowest figure at which he could offer it was $22,500, but that he would sub-

mit any offer he had to make. Vanfleet's version of this is somewhat different, and to the. effect that Glascock's lowest offer was $25,000, and he would submit any offer, $2,000 or $3,000 less. No agreement was reached, and Vanfleet made no positive offer. Some time after, Tucker, of the Gilchrist Co., had a conversation with Vanfleet about other property, and in course of the conversation, Vanfleet mentioned this, and Tucker asked permission to try and effect a sale at $20,000, to which Vanfleet consented and soon after bought the property at that ·figure from the Gilchrist Co.

It is insisted that Glascock, having first conferred with Vanfleet about the property, and furnished him information, was the real moving and efficient cause of the sale. If this were so, he would be entitled to the commission. But the proof is clear that the property was in the hands of several agents for sale, and neither of them had any exclusive control or disposition of it. It was simply a race of diligence between the several agents which should find a purchaser and effect a sale. It does not appear that Glascock notified either the Raja heirs or the Gilchrist Company that Vanfleet was a possible purchaser, and he had no part in bringing Vanfleet and Gilchrist Company together.

. It is true that when a broker is employed to sell real estate, and brings the property to the notice of a purchaser and opens up negotiations with him, the. owner cannot step in and complete the sale and

escape liability for commission. *Roysten* v. *Mac-Geveny*, 9 Lea, 148; *Arrington* v. *Cary*, 5 Bax., 609. This rule is conceded to be correct. But when a principal employs more than one broker, and the several brokers act independently, and with knowledge of this fact, the one who first completes a sale is entitled to the commissions. *Vreeland* v. *Vitterlin*, 33 N. J. L., 247; *Francis* v. *Eddy* (Minn.), 52 N. W. Rep., 43; *Platt* v. *John* (Ind.), 36 N. E. Rep., 294; *Scott* v. *Loyd* (Cal.), 35 Pac. Rep., 733; *Ward* v. *Fletcher*, 124 Mass., 224; *Dryer* v. *Raunch*, 3 Daly, 434; *Baker* v. *Thomas*, 33 N. Y. St., 613; *Means* v. *Stone*, 44 Ill. App., 444; *Farrar* v. *Brandt*, 35 Ill. App., 617.

The same principle applies in all the cases, to wit: that the owner cannot interfere, but the several brokers are free to act independently of each other, and the owner is under no obligation to decide between their conflicting claims, but only to remain neutral as between them, and between them and the purchaser.

We think, from the facts developed in the record, that Glascock & Co. cannot be considered the prime and efficient cause of this sale, and that it was made by the Gilchrist Company, in competition with them, and in no way co-operating with them, and the decree of the Court below is affirmed, with costs.