[No. 3871.]

## CARPER v. SWEET.

PRINCIPAL AND AGENT—COMMISSIONS.

Where an owner of property openly placed it for sale with rival real estate agents and one of them made a sale to a customer with whom the other had first unsuccessfully tried to sell the same property, the owner was liable for commissions only to the agent who made the sale.

*Error to the County Court of Arapahoe County.*

Mr. A. B. SEAMAN and Mr. H. S. SILVERSTEIN, for plaintiff in error.

Mr. JAMES H. PERSHING, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an action by the real estate agent to recover from his principal commissions for the sale of the latter's real estate. The trial below was before the court without a jury, and resulted in a judgment for the defendant. There is a conflict in the testimony as to the terms of the contract under which the defendant left with the plaintiff his property for sale. The defendant testified that plaintiff's authority to sell required, and his commission depended upon, an immediate sale which he failed to effect, while plaintiff swears that no time limitation was imposed. Upon the presumption, in which we are entitled to indulge, that the trial court found in favor of defendant's contention concerning the terms of the contract, we would be justified in affirming the judgment on the sole ground that, in a substantial conflict of the testimony, we are precluded by the finding below.

But upon the testimony of the plaintiff alone, we think he is not entitled to recover. The case is not one where property has been left for sale by its owner exclusively with

one agent. On the contrary, the defendant openly, and with the knowledge of plaintiff, left the property for sale with several different agents. Plaintiff was not able to effect a sale with the customer with whom he negotiated, and did not report to his principal the result of his efforts; and his subsequent conduct in showing to this customer other and cheaper property indicates that he abandoned his efforts to sell defendant's property. About two months after plaintiff had ineffectually made the foregoing attempt, another agent of the defendant, who was authorized to sell, through his own efforts in that behalf succeeded in selling to the same purchaser.

The case was one where rival agents were authorized to sell, and where one produced a customer to whom the sale was made, and with whom the rival agent could not succeed. The defendant was under obligation to pay the agent who produced the purchaser to him, for this agent, and not the other, was the efficient and immediate cause of the sale. There is not a word of evidence that the defendant interfered as between the two agents, while it abundantly appears that he remained entirely neutral, and, in fact, did not know that the plaintiff had ever talked with the purchaser until the sale by the rival agent had been accomplished. Then it was that the plaintiff claimed a commission on the ground that the sale had been made to one with whom he had first, but unsuccessfully, negotiated. At that time the deal had been consummated, and nothing remained to be done except the delivery of the deed to the purchaser and the receipt of the purchase money by the owner.

The case comes squarely within the rule recognized in *Scott v. Lloyd*, 19 Colo. 401, that where the principal has openly placed his property in the hands of different agents for sale, he may pay the commissions to the one who produces the purchaser, and be relieved from any liability to the others. The judgment should be affirmed, and it is so ordered.

*Affirmed.*