## BOWSER *v.* MICK ET AL.

[No. 3,517.   Filed January 14, 1902.   Rehearing denied April 30, 1902.]

BROKERS.—*Sale of Real Estate.—Commissions.—Instructions.*—An instruction in the trial of an action by a broker for commission for the sale of real estate that if another broker also had the property for sale and first directed the attention of the purchaser to the property he was entitled to the commission, although plaintiff afterward took the purchaser to examine the property and introduced him to the owner, was properly refused, as the broker who was the procuring cause of the sale is entitled to the commission. *pp. 50, 51.*

SAME.—*Sale of Real Estate.—Commission.—Instructions.*—An instruction in an action by a broker for commission for the sale of real estate to the effect that such broker in order to earn his commission need not conduct the actual negotiations of sale, nor even be present at the time the terms of sale are agreed upon, but if he introduces the buyer and seller to each other, and, as a result, they agree upon terms, and make a sale, the commission of the broker is earned, was misleading and prejudicial to defendant, as it left the impression that a broker who introduced to the owner of property one who afterward became its purchaser was entitled to a commission for the sale thereof whether the sale was effected by him or some one else. *pp. 51, 52.*

From Marion Superior Court; *J. L. McMaster*, Judge.

Action by William E. Mick and others against Harry Bowser for commission for the sale of real estate. From a judgment for plaintiffs, defendant appeals. *Reversed.*

*L. C. Walker* and *S. K. Ruick*, for appellant.
*W. H. Latta* and *A. L. Mason*, for appellees.

COMSTOCK, C. J.—Appellees brought this action against appellant to recover a commission alleged to be due them for services rendered in the sale of certain real estate owned by appellant. The complaint avers that the plaintiff rendered services to the defendant, at his special instance and request, for which the defendant promised to pay plaintiff what said services were reasonably worth. Said services consisted in bringing together the defendant and Dr. M. C. Cronin, with a view to the sale of certain property of the defendant to said Cronin, and in the procurement of said Cronin as a purchaser for said real estate. The cause was put at issue by general denial. The trial resulted in a verdict and judgment in favor of appellee for $172.50. The evidence showed that the real estate had been placed with the appellee and with another real estate broker named Arbuckle, by appellant, for sale.

The only error assigned is the action of the court in overruling appellant's motion for a new trial. Among the reasons for a new trial discussed by counsel are the refusal to give instructions one, two, and three requested by appellant, and the giving of instructions two and three requested by appellees. Instructions one and two, refused, are as follows: (1) "If you find from the evidence that Mr. Arbuckle was Mr. Bowser's authorized agent for the sale of real estate  *  *  *  and that, as such agent, he was the first agent to particularly direct the purchaser's attention to it, and was the first agent to visit such property with the man who became a purchaser, with a view of selling it to him, then, even though another agent or the owner himself afterward took such person to the property for examination, and for the purpose of selling it to him, the first broker, Arbuckle, in the absence of a special agreement, is entitled to the commission, and you must find for the defendant. (2) If you find from the evidence that both Arbuckle and Mick had the property  *  *  *  for sale, and that said Arbuckle first procured Dr. Cronin as a customer for said

Bowser's said property, and first particularly directed said Cronin's attention to said property, and that afterwards said Mick presented the said property to Cronin, and formally introduced said Cronin to said Bowser, the introduction by Mick, under such facts, becomes a mere incident in negotiations; and, in the absence of any special agreement, the plaintiffs can not recover." There was no error in refusing these instructions. The agent who is the procuring cause of the sale is entitled to the commission. *Platt* v. *Johr,* 9 Ind. App. 58. A broker may be the first to direct the attention of a prospective buyer to the property, or to introduce him to the owner, and yet not be the procuring cause of the sale.

The third instruction has the fault of the first and second, with the addition that it took from the jury the right to determine, as a fact, the agent who was the procuring cause of the sale. There was no error in refusing it.

Instructions two and three, given at the request of appellees, were as follows: (2) "A real estate broker, in order to earn his commission, need not conduct the actual negotiations of sale, or even to be present at the time the terms of sale are agreed upon. If he shall introduce the buyer and seller to each other, and as a result they agree upon terms and make a sale, the commission of the broker is earned. (3) A broker can not be deprived of his commission by the seller, after he has been introduced by the broker to the buyer, by dealing with the buyer alone or in the office of another broker. If you find from the evidence that it was through the instrumentality of the plaintiffs that the buyer and seller were brought together, and the negotiations began that resulted in a sale, then the interference or the intervention of another broker, even though the defendant thereby contracted a liability for another commission, does not affect the right of the plaintiffs to their commission."

These instructions, in our opinion, were misleading, and therefore, prejudicial to appellant. They might readily

make the impression that an agent who introduced to the owner of property one who afterward became its purchaser was entitled to a commission for the sale, whether that sale was effected by himself or by some one else. This was not sufficient under the averments of the complaint. The instruction should have left to the jury the question whether or not appellee procured the sale of the property.

We have not lost sight of the rule that a judgment will not be reversed upon erroneous instructions when the verdict is right upon the evidence, but we are not prepared to say that the verdict before us is within that rule.

The consideration of other causes for a new trial is not necessary. Judgment reversed, with instructions to sustain appellant's motion for a new trial.