# SUPREME COURT

OF THE

## STATE OF COLORADO.

## January Term, 1908.

[No. 5414.]
[No. 3072 C. A.]

### WITHERBEE ET AL. V. WALKER.

1. **Brokers—Real Property—Right to Commissions.**

Plaintiff, a real estate broker, called the attention of a church officer to defendants' city lots, telling him the price, but the church refused to make the purchase through such broker, and purchased through another. Held, that plaintiff was not the efficient and procuring cause of the sale, and so cannot recover a commission.—P. 3.

2. **Same.**

Where an owner of land openly places it for sale with rival real estate agents, and one of them, the first to make the attempt, makes a sale to a customer to whom the other had unsuccessfully tried to sell it, the latter is not entitled to commission.—P. 5.

*Appeal from the District Court of the City and County of Denver.*

*Hon. John I. Mullins, Judge.*

Action by Guernsey Walker against Lewis C. Witherbee and Lee C. Witherbee. From a judgment for plaintiff, defendants appeal.

*Reversed and remanded, with instructions.*

Mr. GEORGE K. ANDREWS, for appellants.

No appearance for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action is by a broker to recover commissions for the sale of defendants' real estate. Trial before the jury resulted in favor of plaintiff, and defendants appeal.

The court should have granted defendants' motion for nonsuit, made at the close of plaintiff's case, and renewed after defendants produced their evidence. There is some doubt whether, under the evidence, the contract of employment was established. Plaintiff asked and obtained from the owners the price at which they were willing to sell, and it is uncertain whether anything more was done in that direction  In *Castner v. Richardson,* 18 Colo. 496, it was said this does not give rise to the relation of principal and agent between the parties. But for the purpose of the opinion it may be assumed that the contract of employment was proved. Let us, then, examine the evidence to see if plaintiff, under the law applicable to this case, earned a fee.

We first state the testimony of plaintiff himself. A church society wanted to buy this kind of property. Plaintiff interviewed an officer of the church, and called his attention to defendants' city lots, and

told him the price at which they could be bought. Plaintiff does not say that his offer was accepted, or that a counter-offer was made by the proposed purchaser. Plaintiff did not report to the owners this effort, or that he had procured, or was in negotiation with, a purchaser. About ten days after he listed the property for sale, one of the defendants came into his office and asked if the lots were sold, or would be taken by his party, apparently referring to the church. Plaintiff said that the sale was not complete, and the defendant owner replied, in substance, that "they"—*i. e.*, the church—had been corresponding with defendants through another agent, and were not dealing fairly by plaintiff, whereupon plaintiff told the owner not to sell to the church, as it was his customer, and he would hold defendants for the commission. Defendant asked plaintiff to buy the lots himself, but plaintiff said he could not. Plaintiff says that he told the owner of the efforts that he had made to make the sale. Two or three days after this conversation, plaintiff learned that another broker of defendants had sold the property, through a third person as trustee, to the church, and upon defendants' refusal to pay his claim for brokerage fee, this action was brought.

Some of the officers or members of the church were called by plaintiff as his witnesses, and they testified that for some reason the church officers, who had the power to buy, refused to make the purchase of the lots through plaintiff, and never made him any offer for them, and refused to deal with him, but bought through another agent. Plaintiff was not the efficient and procuring cause of the sale, and, on his own showing, was not entitled to a commission. The nonsuit should have been granted when his evidence was in.

When defendants renewed such motion at the close of their case, for another reason, also, should the court have granted it. From the uncontroverted evidence produced by defendants it appears that the sale was actually made by another broker, Mr. Merritt, and that he began negotiations with defendants to secure this property for the church before it was listed for sale ·by defendants with plaintiff, and, therefore, first called the attention of the church to it. Before, and during, the time of plaintiff's efforts to sell, there were posted upon the lots at least two "for sale" signs by two different agents, and the property had openly, and without any attempt at concealment, been placed by defendants with a number of different agents before plaintiff's authority to sell was given. Plaintiff was not given a monopoly of the sale of these lots. The sale, as made, was for $100 less than the price quoted to plaintiff.

Throughout the negotiations between the church and the various agents, there is not a word of evidence that defendants interfered therewith, or favored one agent as against another. They remained neutral throughout. Merritt was paid his commission by defendants for making the sale before this action was brought. There is nothing tending to impeach the entire good faith of defendants. Under the uncontradicted evidence of both parties, plaintiff did not procure a purchaser, able, willing and ready to buy at the price for which he might sell. Indeed, his party absolutely refused to buy through, or deal with, him, and for such refusal defendants are not to blame. We do not say that the officers of the church were guilty of the improper conduct which plaintiff charges against them; but, if they were, defendants are not, in any way, connected therewith. In two respects there was a failure of proof: First, plaintiff was not the efficient and procuring cause

of the sale; second, the case is also one where the owners of property openly placed it for sale with rival real estate agents, and one of them, the first to make the attempt, made a sale to a customer to whom the other had unsuccessfully tried to sell the same property. The owner, therefore, was liable for commissions only to the agent who made the sale, and plaintiff, the unsuccessful agent, was not entitled to recover.—*Carter v. Sweet,* 26 Colo. 547; *Scott v. Lloyd,* 19 Colo. 401; *Babcock v. Merritt,* 1 Colo. App. 84; *Lawrence v. Weir,* 3 Colo. App. 401; *Vreeland v. Vetterlein,* 33 N. J. L. 247.

The judgment is reversed and the cause remanded, with instructions to dismiss the action.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.