NADLER et al. v. MENSCHEL.

(Supreme Court, Appellate Term. May 15, 1908.)

1. BROKERS—ACTION FOR COMPENSATION—ISSUES AND PROOF.

In an action to recover commissions for the sale of real estate for which plaintiffs had agreed to find a purchaser, where plaintiffs claimed that they had presented a purchaser upon the terms and conditions agreed upon and that defendant had refused to sell, plaintiffs may not recover upon the ground that defendant in fact thereafter sold the property to the partner of their prospective purchaser.

2. SAME—COMPENSATION—SUFFICIENCY OF SERVICES.

In an action to recover commissions for the sale of property for which plaintiffs agreed to secure a purchaser, if plaintiffs' proposed purchaser would not purchase upon the terms agreed upon between plaintiffs and defendant, though defendant thereafter sold the property by a different broker to the partner of plaintiffs' proposed purchaser, in the absence of bad faith by defendant in making the sale, plaintiffs could not recover any commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Brokers, §§ 66, 67, 73.]

Appeal from City Court of New York, Trial Term.

Action by Bernard Nadler and another against Benjamin Menschel. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Joseph Wilkenfeld, for appellants.
Emanuel Klein, for respondent.

GREENBAUM, J. Plaintiffs, real estate brokers, base their right to recover from the defendant their commissions upon the ground that they produced a purchaser ready, willing, and able to buy certain premises owned by the defendant upon the terms and conditions submitted by him to them and that defendant refused to sell. Plaintiffs testified to their employment, and that they produced a Mr. Kantrovitz, representing himself and two partners as proposed purchasers of the property, and that no contract of sale was effected because of the refusal of the defendant to sell at the minimum price at which the plaintiffs were authorized to sell, to wit, the sum of $29,250. Kantrovitz was also called as a witness by plaintiffs, and he testified that defendant was ready to sell at the price of $29,250, but that his partner objected to the terms of one of the mortgages, and that therefore no contract or purchase was concluded.

If Kantrovitz's testimony is true, then plaintiffs have failed to establish that they had a ready and willing purchaser. We have thus the identical party claimed to have been procured by plaintiffs, and produced as their witness, contradicting them upon the vital issue in the case. Defendant corroborates Kantrovitz to the extent that the latter declined to purchase the property because the first mortgage had a year and a half to run. Upon defendant's cross-examination he admitted that he subsequently sold the property to a party named Boriss, who was one of the partners of Kantrovitz, for $29,300, but that he had no knowledge of his relations with Kantrovitz. Inasmuch as plaintiffs' claim rests upon the defendant's refusal to sell to the purchasers produced by them, it cannot be upheld upon the ground that defendant in fact sold the property to the partner of Kantrovitz.

Besides, it appears that the sale was effected through a different broker, and, in the absence of bad faith, plaintiffs could not recover commissions. Baker v. Thomas, 12 Misc. Rep. 432, 33 N. Y. Supp. 613. The verdict was contrary to the weight of the evidence, and the exception to the refusal of the court to set aside the verdict was well taken.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.