## NATION v. HARNESS *et al.*

No. 755.    Opinion Filed November 14, 1911.

Rehearing Denied October 1, 1912.

(126 Pac. 799.)

**BROKERS—Real Estate Agents—Right to Commission.**  When property has been listed for sale with different real estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, although another agent may have first brought the parties together.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*W. M. Bowles, Assigned Judge.*

Action by D. F. Harness and T. F. Hines, partners as Harness & Hines, against William E. Nation. Judgment for plaintiffs, and defendant bring error. Reversed and remanded, with instructions.

*Everest, Smith & Campbell,* for plaintiff in error.

*A. B. Honnold* and *Giddings & Giddings,* for defendants in error.

DUNN, J.  This case presents error from the district court of Oklahoma county.  Plaintiff in error, who will hereafter be denominated defendant, during the year 1906, listed his farm in Cleveland county, Okla., for sale or trade with defendants in error (plaintiffs below), a real estate firm, along with two other firms in Oklahoma City.  The petition avers that plaintiffs, who were real estate agents, rendered defendant services which consisted in bringing together the defendant and one A. C. Achenhausen, and the purchase of said defendant's real property by the said Achenhausen was discussed, and wherein it was proposed that Achenhausen trade a stock of harness located at Cleveland, Okla., for defendant's real property; that plaintiffs, at defendant's special request, endeavored to effect a sale or

trade of said property by showing the same to several other parties, advertising, etc.; that as a result thereof, and in pursuance of the negotiations and efforts to secure a sale or trade of defendant's property, the defendant thereafter did trade said real property to the said Achenhausen for the said stock of harness. To this petition defendant filed a general denial, and on the issues thus made trial was had to a jury, which resulted in a verdict and judgment for plaintiffs. Motion for new trial was filed and overruled, and the cause has been lodged in this court for review.

While counsel for defendant argue several propositions in their brief, the view which we take of the case renders it necessary to notice only the error counsel allege to have been committed by the court in refusing one of the instructions offered by defendant. It appears from the evidence that defendant listed his property with plaintiffs during the month of July, 1906, and that negotiations were soon commenced with Achenhausen for the trade of his harness shop for defendant's farm. Plaintiffs failed to close the deal, but offered testimony, and counsel argue in their brief, that they did not abandon the deal, and that they were the procuring cause of the trade subsequently made by another real estate broker by the name of Brissey, and that, having performed the service of bringing the parties together, where a sale or trade was later consummated, although through the intervention of another broker, they are entitled to their commission. The court on this proposition refused to give the following instruction requested by defendant:

"The court further instructs you that, when property has been listed for sale with a number of real estate agents, the one who succeeds in bringing the seller and purchaser together and induces them to enter into the contract is the one who has earned the commission; and this is true, regardless of the question as to who first introduced the seller and the purchaser."

The refusal of this instruction, or the refusal to give it in substance, we believe was error, and for this reason the cause must be reversed. The law is well stated by the Kentucky Court of Appeals in the case of *Higgins v. Miller*, 109 Ky. 209, 58 S. W. 580, in the syllabus, as follows:

"When property has been listed for sale with different real estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, though another agent may have first brought the parties together."

See, also, *Birch v. McNaught,* 23 Okla. 634, 101 Pac. 1049; *Scully v. Williamson,* 26 Okla. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265; *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127.

The great weight of authority is in accord with the above statement of the law, and other cases holding to the same effect may be noted as follows: *Boswer v. Mick et al.,* 29 Ind. App. 49, 62 N. E. 513; *Baker v. Thomas,* 12 Misc. Rep. 432, 33 N. Y. Supp. 613; *Vreeland v. Vetterlein,* 33 N. J. Law, 247; *Kifer v. Yoder,* 198 Pa. 308, 47 Atl. 974; *Scott v. Lloyd,* 19 Colo. 401, 35 Pac. 733; *Carper v. Sweet,* 26 Colo. 547, 59 Pac. 45; *Witherbee et al. v. Walker,* 42 Colo. 1, 93 Pac. 1118; *Votaw et al. v. McKeever et al.,* 76 Kan. 870, 92 Pac. 1120; *Duval v. Moody,* 24 Tex. Civ. App. 627, 60 S. W. 269. See, also, note to case of *Jennings et al. v. Trummer,* 23 L. R. A. (N. S.) 164; 19 Cyc. 260, and authorities cited under note 49; and Gross on Real Estate Brokers, sec. 97.

In the consideration of the case of *Duval v. Moody, supra,* the Court of Civil Appeals of Texas, speaking through Mr. Justice Neill, said:

"The owner of real estate, by the general employment of a real estate agent or broker to effect a sale, does not thereby preclude himself from employing other agents for the same purpose. *Cook v. Forst,* 116 Ala. 395, 22 South. 540. And where a principal employs more than one broker, the one who first completes the sale is entitled to the commissions (*Glascock v. Vanfleet* [100 Tenn. 603] 46 S. W. 449), unless the exertions of another broker are the procuring cause of the sale (*Brennan v. Roach,* 47 Mo. App. 200; *Wright v. Brown,* 68 Mo. App. 577). Mr. Austin was not ready or willing to purchase the property upon Mrs. Duval's terms when presented to her by appellee; and as appellee was not the procuring cause of Austin's readiness and willingness to purchase when the sale was effected, Hampton being the efficient and procuring cause, the evidence does not sustain the judgment, and it is reversed, and the cause remanded."

The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to grant defendant a new trial.

TURNER, C. J., and HAYES, WILLIAMS, and KANE, JJ., concur.