WYNUS v. UTZ.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

BROKERS (§ 55*)—RIGHT TO COMPENSATION—PROCURING CAUSE.

Though a broker employed to sell oysters on commission procured a prospective customer, who did not take the oysters, but who later procured a customer for the principal, the broker was not the procuring cause of the sale to the latter person, and could not recover a commission therefor.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. § 55.*]

Appeal from Suffolk County Court.

Action by John Wynus against Robert Utz. From a judgment dismissing the plaintiff's complaint on the merits, plaintiff appeals. Affirmed. .

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

L. E. Raynor, of Greenport, for appellant.
Percy L. Housel, of Riverhead, for respondent.

HIRSCHBERG, J. The action is to recover commissions on the sale of oysters. At the close of the case each side moved for the direction of a verdict, and the court decided the controversy in the defendant's favor.

The employment of the plaintiff by the defendant to sell the latter's oysters on commission in the fall of 1909 is undisputed. It is also undisputed that the defendant procured Capt. Wedmore as a prospective purchaser, and that negotiations were entered into between the defendant and the Captain for the sale, but that such negotiations proved wholly abortive. The Captain wanted 10,000 bushels of oysters at the time for planting in the harbor of New Haven, Conn.; but, having learned that his proposed planting ground was about to be condemned as unsanitary, he called the

deal off, and there is evidence to the effect that the plaintiff was promptly notified of that fact. Some months afterwards the defendant sold the oysters to the Wickford Oyster Company, of Wickford, R. I., a customer procured for him by Capt. Wedmore; and the plaintiff's claim is based on the theory that he is entitled to the commissions, because the sale was made through the efforts or by the agency of an individual originally procured and introduced by him.

The cases relied on by the plaintiff (Sussdorff v. Schmidt et al., 55 N. Y. 319, 322, and Sibbald v. Bethlehem Iron Co., 83 N. Y. 378, 38 Am. Rep. 441) do not support his theory. In Sussdorff v. Schmidt et al., supra, it was held that, while it is not indispensable that the purchaser should be introduced to the owner by the broker, it must affirmatively appear that the purchaser was induced to apply to the owner through the means employed by the broker. The circumstance relied on in that case to defeat the claim was that the negotiations for the sale were conducted by the owner and the purchaser themselves; but it was held that that fact would not defeat the claim, where the purchaser was found by the broker's efforts and through his instrumentality.

In Sibbald v. Bethlehem Iron Company, supra, it was held, it is true, that it was not essential that the broker should be an active participator in the actual sale; but it was further held that where he had produced a prospective purchaser, to whom a sale could not be effected within a reasonable time, and the agency was accordingly terminated, a subsequent sale to that purchaser would not entitle him to commissions, notwithstanding the fact that such sale was in some degree aided by the broker's previous unsuccessful efforts.

In Hay v. Platt, 66 Hun, 488, 21 N. Y. Supp. 362, it was held that the broker must be the direct procuring cause of the sale, and that, where he abandoned efforts to induce a customer to purchase on his principal's terms, the latter violated no right of the broker in negotiating with the proposed customer directly and independently. To the same effect is Hamilton v. Gillender, 26 App. Div. 156, 157, 49 N. Y. Supp. 663, 664. The court said:

"To entitle a broker to commissions, he must prove that he found a purchaser who was ready and willing to purchase upon terms' satisfactory to his principal, and that, *by reason of his services*, the buyer and seller were brought together. Gerding v. Haskin, 141 N. Y. 514 [36 N. E. 601]. It is essential that the agreement, *as finally concluded*, should be procured or brought about by the broker. Baker v. Thomas [12 Misc. Rep. 432] 33 N. Y. Supp. 614. In all actions of this character the plaintiff must establish, by satisfactory evidence, that he did something substantial; *that he was the efficient and procuring cause of the sale.* Sibbald v. Bethlehem Iron Co., 83 N. Y. 378 [38 Am. Rep. 441]; Colwell v. Tompkins [6 App. Div. 93] 39 N. Y. Supp. 478."

The trial was conducted without error in ruling, and the judgment and order should be affirmed. All concur.