### CRANDALL v. COUSINS.

No. 13597—Opinion Filed April 15, 1924.

Rehearing Denied Nov. 18, 1924.

1. **Brokers — Right to Commission as Between Brokers—Procuring Cause.**

"When property has been listed for sale with different real estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, although another agent may have first brought the parties together." Nation v. Harness et al., 33 Okla. 630, 126 Pac. 799.

2. **Trial—Directing Verdict for Defendant.**

Where there is no evidence offered by the complaining party which would reasonably tend to support a verdict for such party, it is not error for the trial court to direct a verdict for the defendant.

3. **Same—Judgment Sustained.**

Record examined, and held, that no evidence was offered on the part of the plaintiff which would reasonably tend to support a verdict and judgment for the plaintiff; and, held, that it was not error for the trial court to direct a verdict for the defendant; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; C. C. Smith, Assigned Judge.

Action by Ross Crandall against L. G. Cousins for commission on sale of real es-

tate. Judgment for defendant, and plaintiff appeals. Affirmed.

W. J. Davidson, for plaintiff in error.

W. A. Smith and Charles H. Garnett, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, plaintiff below, will be referred to herein as the plaintiff, and the defendant in error, defendant below, as the defendant.

The plaintiff commenced this action in the justice of the peace court by filing his bill of particulars therein and upon the trial recovered a judgment for the sum of $150, and the defendant appealed to the district court of Oklahoma county, where the cause was tried de novo upon the plaintiff's bill of particulars. Plaintiff charges in his bill of particulars that he was doing a real estate brokerage business on commission, and that the defendant was the owner of certain real estate in Oklahoma City which he orally listed with plaintiff for sale at $3,500 and agreed to pay plaintiff a commission of $150 if he effected a sale, and that plaintiff procured a buyer who bought the property and defendant thereafter refused to pay the commission. He prays judgment for the sum of $150, with interest at six per cent. per annum, and for costs.

The case was called for trial in the district court of Oklahoma county on the 18th of January, 1922, and tried to a jury. Upon the announcement of rest by plaintiff the defendant demurred to the plaintiff's evidence, which was overruled and exception allowed. Upon the announcement of rest by both parties defendant moved for a directed verdict, which motion was sustained, and the jury directed to return a verdict for the defendant, on which directed verdict judgment was entered. The plaintiff appeals and assigns as error that the court erred in sustaining the defendant's motion for a directed verdict.

An examination of the record before us discloses that the listing of defendant's property for sale with the plaintiff was not an exclusive listing, and at the same time the property was listed with the plaintiff it was also listed with another real estate broker. The property was listed with the plaintiff at $3,500, and later the defendant agreed with the plaintiff to sell at $3,200; but plaintiff was unable to and did not close a deal selling the property at $3,200. The plaintiff's right to recover a commission depended upon his producing a buyer who was ready, willing, and able to buy upon terms satisfactory to the defendant. These matters are not in dispute; and the failure of the plaintiff to find a buyer ready, willing, and able to buy upon terms made by the seller to the broker was sufficient to preclude a recovery. The plaintiff, however, insists that the defendant finally made a sale to his customer. We gather that this came about by reason of both brokers advertising the same property for sale, that is, both brokers were advertising that they had property for sale, and the same buyer answered both advertisements and was taken to see the property of the defendant by each of the brokers; and the prospective buyer negotiated with both brokers without the defendant knowing that it was the same buyer. The plaintiff offered the buyer the property at $3,200, but about the same time the buyer seemed to get the idea that he could buy the property for $3,100 and offered that amount through the other broker. It seems that the best figures plaintiff had was $3,200 and the buyer was not willing to pay that amount if he could buy the property for $100 less, and when the defendant found he could not sell the property through the plaintiff for $3,200, he accepted the offer of the buyer of $3,100 through the other broker and paid him a commission on the sale.

. There is no charge in the bill of particulars of fraud, bad faith, or double-dealing upon the part of the defendant. And, it is evident that the defendant did not know that each broker was undertaking to sell to the same buyer. There was no proof offered in the case tending to show fraud or bad faith upon the part of the defendant. Since the plaintiff was unable to close the deal with the buyer, a recovery of commission could not be had against the defendant in his favor, unless upon the theory that defendant had acted in bad faith, and there being no charge or evidence of bad faith on the part of the defendant, plaintiff had failed to make out his case.

In Long et al. v. West et al., 31 Kan. 298, 1 Pac. 545, it is said:

"In the absence of evidence to the contrary, honesty and fair dealing in all transactions are always presumed; and if any person claims that there was fraud in any transaction, it devolves upon such person to prove the fraud."

The rule where an owner of real estate lists the same property with two or more brokers and remains neutral as among them is laid down in a note to Murray v. Miller, 112 Ark. 227, 166 S. W. 536, Ann. Cas. 1916B, 974, as follows:

"Where property is placed for sale with two or more real estate brokers, the owner, provided he remains neutral towards the several brokers, is liable for commissions

only to the one who first completes a sale, or, if the owner has not delegated authority to conclude the transaction, to the one who first produces a customer, able, ready, and willing to purchase the property on terms agreeable to the owner."

To like effect is Vreeland v. Vetterlein, 33 N. J. Law, 247; Glasscock v. Vanfleet, 100 Tenn. 603, 46 S. W. 449; Dalke v. Sivyer, 56 Wash. 462, 105 Pac. 1031, 27 L. R. A. (N. S.) 195; Young v. Whittaker, 46 Utah, 474, 150 Pac. 972.

In Nation v. Harness, 33 Okla. 630, 126 Pac. 799, it was held that:

"When property has been listed for sale with different real estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, although another agent may have first brought the parties together."

This statement of the law is adopted from Higgins v. Miller, 109 Ky. 209, 58 S. W. 580, which this court cites with approval. And then it is said:

"The great weight of authority is in accord with the above statement of the law" —citing many cases. And further, it is said:

"In the consideration of the case of Duval v. Moody, supra, the Court of Civil Appeals of Texas, speaking through Mr. Justice Neill, said: 'The owner of real estate, by the general employment of a real estate agent or broker to effect a sale, does not thereby preclude himself from employing other agents for the same purpose. Cook v. Forst, 116 Ala. 395, 22 South. 540. And where a principal employs more than one broker, the one who first completes the sale is entitled to the commissions (Glasscock v. Van Fleet, 100 Tenn. 603, 46 S. W. 449), unless the exertions of another broker are the procuring cause of the sale. Brennan v. Roach, 47 Mo. App 200; Wright v. Brown, 68 Mo. App. 577-8.' "

We have examined the record presented and find no evidence offered upon the trial of the cause which would entitle the plaintiff to recover a commission under the rules of law announced in the cases cited. Under the well-recognized rule that where there is no evidence which would reasonably tend to support a verdict for the plaintiff it is not error to direct a verdict for the defendant, we think the court did not err in directing a verdict. An examination of the entire record discloses that plaintiff was denied no substantial right on the trial of the cause.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.