WILLIAM J. SCHLEGAL vs. ALIDA L. ALLERTON.

Third Judicial District, Bridgeport, October Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

A broker, in whose hands real estate has been placed for sale by its
owner, is entitled to the commission agreed upon, when his efforts
have resulted in a sale, or in procuring a customer who is ready and
willing to buy, upon the terms prescribed by the owner.

The defendant placed her real estate with the plaintiff, a broker, for sale
at a price not less than $12,000, upon an agreed commission of two
per cent. The plaintiff renewed negotiations, originally begun by the
defendant but then abandoned, with W, and secured an offer from him
of a smaller sum which was reported to, and refused by, the defend-
ant; after said offer and pending these negotiations, the defendant
secretly sold the property to W for $11,500, and declined to pay the
plaintiff his commission. *Held* that upon these facts the trial court
properly rendered judgment for the plaintiff to recover his stipulated
commission of two per cent.

Where the appellant requested that a proposed finding, which accompanied
his notice of appeal, might be adopted by the trial judge as a statement
of the facts proved on the trial, it was *held* that the trial court com-
mitted no error in treating this request and proposed finding as a com-
pliance with §§ 1130–1133 of the General Statutes and of the rules of
court thereunder, rather than as a request to the judge to incorporate
in the finding such facts as the appellant claimed to be proven by the
evidence, pursuant to chapter 174 of the Public Acts of 1893.

[Submitted on briefs October 23d—decided December 1st, 1894.]

ACTION to recover broker's commission for the sale of
certain real estate; brought to the District Court of Water-
bury and tried to the court, *Bradstreet, J.;* facts found
and judgment rendered for the plaintiff to recover the full
amount claimed and appeal by the defendant for alleged
errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*John O'Neill,* for the appellant (defendant).

There is no finding that the plaintiff obtained a contract
between the purchaser and the defendant; that he brought
the property to the attention of Mr. Whittemore; that he

was the efficient cause of the sale to Mr. Whittemore. The plaintiff, therefore, was not entitled to a commission. *Mc-Clave* v. *Paine*, 41 How. Pr., 140; *Chilton* v. *Butler*, 1 E. D. Smith, 160; *Sloman* v. *Bodwell*, 24 Neb., 790; *Satterwaite* v. *Vreeland*, 3 Hun, 152; *Barnes* v. *Roberts*, 5 Bosw., (N. Y.,) 73; *Simonson* v. *Kissick*, 4 Daly, 143; *Hungerford* v. *Hicks*, 39 Conn., 264; *Holley* v. *Townsend*, 2 Hilton, 34; *Ludlow* v. *Harmon*, 2 id., 107, 109; *Stillman* v. *Mitchell*, 2 Rob., (N.Y.), 538; *Golden Gate Packing Co.* v. *Farmers' Union*, 55 Cal., 606; *Dole* v. *Sherwood*, 41 Minn., 545; *S. C.*, 16 Am. St. Rep., 731; *Drury* v. *Newman*, 99 Mass., 256; *Rockwell* v. *Newton*, 44 Conn., 337; *Cathcart* v. *Bacon*, 47 Minn., 34; *Ward* v. *Fletcher*, 124 Mass. 224.

*Henry C. Baldwin*, for the appellee (plaintiff).

The law is well settled that when property is put in the hands of a broker to sell, and he procures a customer, and the principal sells to that party at a less price, the agent is entitled to his commission on such sale. *Potwin* v. *Curran*, 13 Nebraska, 302; *Reynolds* v. *Tompkins*, 23 W. Va., 229–235; *Desmond* v. *Stebbins*, 140 Mass., 339.

FENN, J. In November, 1891, the defendant placed certain real estate which she owned and was desirous of selling, in the hands of the plaintiff, who was a real estate dealer and agent, requesting him to sell the same, and fixed the price at $16,000. Some weeks after, the defendant called upon the plaintiff and asked him what commission he should charge for selling the property, and he informed her that the customary commission, and what he should charge, would be two per cent, but said that he did not think it possible to sell the property for the figure she named. He also then said he thought Mr. Whittemore, who owned the property adjoining, was the man who ought to buy it. She replied they had already tried him and were sure he would not buy it. The plaintiff thereupon, with full knowledge and consent of the defendant, advertised said property, and put his sign in a conspicuous place in front of the same, showing

that he had it for sale. He saw Mr. Whittemore and a Mr. Conran and endeavored to procure offers from each. Conran made an offer of $10,000 which the plaintiff reported to the defendant. She insisted that a better price must be obtained. The plaintiff then informed Mr. Whittemore of the offer, who subsequently called upon the plaintiff at his office, when the plaintiff told him that no offer less than $12,000 could be considered, and that Mr. Conran wanted a chance to make another bid before the property was sold out. Immediately after this Mr. Whittemore met George Allerton, the step-son of the defendant, and said if he could have the deed that day he would give $11,500 for the property. Thereupon Allerton and Whittemore went at once to the defendant, the deed was drawn, and the money paid directly to the defendant; but no notice of such sale was given to the plaintff, whose sign was still upon the property, and known to be there by the defendant who never ordered it down, and never notified the plaintiff that the property was to be taken out of his hands. Some days after this the plaintiff first heard of the sale from Mr. Conran.

The defendant, upon the foregoing facts, offered to pay the plaintiff the sum of $25.00 and refused to pay him anything further; claiming that he had not obtained from Mr. Whittemore or from any one else, a contract which she had accepted, or one which the plaintiff was authorized to negotiate, and that he was not entitled to any commission as a broker. The court overruled the claim of the defendant, and gave judgment for the plaintiff to recover his commission, two per cent of the selling price, namely $230, the defendant duly excepting.

The defendant's notice of appeal, and the appeal, are in the usual form, in accordance with General Statutes §§ 1130–1133, but the final reason assigned in said appeal is as follows: "The defendant requested the court, in writing, to find the facts which she claimed had been proved, in separate paragraphs, each of which was numbered; and said request and proposed finding was filed with the clerk within two weeks after judgment was entered in said action. The

court has not stated in writing on the margin of each of said paragraphs of such request, whether he finds such paragraphs proven, or not proven, as is required by law. The court erred and mistook the law in not stating in writing on the margin of each of said paragraphs of such request whether he found such paragraph proven, or not proven." There is also printed in the record the defendant's draft of the proposed finding and a statement of the questions of law arising thereon, which the defendant desires to have reviewed by the Supreme Court of Errors, and respectfully requests that the same may be adopted as a statement of the facts proved and the questions of law raised on the trial of said action.

This fully corresponds with the provisions of Rules of Practice, XVII. § 3, 58 Conn., 584, and—excepting possibly that the paragraphs are numbered—there is nothing in the record to suggest that it was designed to serve any other purpose than that of an ordinary request for a finding " under the provisions of General Statutes, § 1132," and we think the court below committed no error in treating it as such a proposed finding only; not as a request to incorporate certain facts in a finding, but to adopt one, as a statement of all the facts and claims of law. Further, no written exceptions to any finding of facts by the court, or to any refusal to find a fact requested, were ever filed. It is clear that the reason of appeal stated, does not itself constitute " an appeal from any finding or refusal to find any fact," pursuant to the Public Acts of 1893, Chap. 174.

The remaining reasons of appeal, four in number, present in substance the claim that on the facts stated the plaintiff was not entitled to a broker's commission, or to any other sum than what his services were reasonably worth, concerning which there is no finding. It is asserted that the facts do not show that the plaintiff procured a purchaser of the defendant's real estate, or that he was the procuring cause of such sale, and that if he did not do so he is not entitled to his commission as a broker.

We think the finding fairly shows that the plaintiff first

brought the property to the attention of Mr. Whittemore, anew, after former efforts on the part of the defendant to induce him to purchase had failed, and been abandoned; that thereupon negotiations began which terminated in the purchase by Mr. Whittemore of the property from the defendant, at a less price than the plaintiff was authorized to sell it for, while it remained in his hands, and without notice to him; that in this way the plaintiff did obtain a purchaser, and was the procuring cause of the sale, and that he is entitled to his commission on the selling price, as held by the court below. Abundant authorities fully sustain this view, a few only of which may be cited.

In *Plant* v. *Thompson*, 42 Kan., 664, it was held that an agent employed to sell real estate, who first brings it to the notice of the person who ultimately becomes its purchaser, is entitled to his commissions on the sale. Nor can the owner evade his liability to pay the agent his commissions by selling for a sum less than the price given the agent, when the reduction is made of the owner's own accord. In *Tyler* v. *Parr*, 52 Mo., 249, it was said: "The law is well established, that in a suit by a real estate agent for the amount of his commission it is immaterial that the owner sold the property and concluded the bargain. If after the property is placed in the agent's hands, the sale is brought about or procured by his advertisement and exertions, he will be entitled to his commissions." In *Arrington* v. *Cary*, 5 Bax. (Tenn.), 609, it is said: "When a broker is employed to sell real estate, and produces a person who ultimately becomes a purchaser, he is entitled to his commission although the trade may be effected by the owner of the property." See also, *Carter* v. *Webster*, 79 Ill., 435; *Sussdorff* v. *Schmidt*, 55 N. Y., 319; *Shepherd* v. *Hedden*, 29 N. J. L., 334.

The case of *Lincoln* v. *McClatchie*, 36 Conn., 136, is entirely in point. The defendant put into the hands of the plaintiff, a real estate broker, a house to sell for $6,500, the plaintiff to receive a commission of one per cent if he sold the house; the defendant to have a right to sell himself, without being liable for a commission, and the plaintiff not

to advertise. The plaintiff did advertise houses for sale on the street where the house in question was situated. A person living on that street, and who was desirous of finding a house near by, for a friend, saw the advertisement, went to the plaintiff's office and learned that the defendant's house was for sale. He informed his friend, who went to the defendant and negotiated with him for it, and finally purchased it. He never had any personal intercourse or dealings with the plaintiff, and his friend's connection with the plaintiff was merely voluntary. It was held that the plaintiff was entitled to his commission. A sale made by the defendant upon which the plaintiff was to have no commission, was held to mean a sale to a purchaser wholly found by the defendant.

There is no error in the judgment complained of.

In this opinion the other judges concurred.