## ROBERTS v. MARKHAM *et al.*

No. 498.   Opinion Filed May 10, 1910.

(109 Pac. 127.)

1. **APPEAL AND ERROR**—Review—Findings, of Court. Same as paragraph 1 of the syllabus in McCann v. McCann et al., 24 Okla. 264, 103 Pac. 694.

2. **BROKERS**—Right to Commission. If, after the lot or realty is placed in the agent's hands for sale, it is brought about and procured by his advertisements or exertions, he will be entitled to his commission, or if the agent introduces or discloses the name of the purchaser to the vendor for such purpose, and through such introduction or disclosure negotiations for the sale of the property are begun, and then effected by the vendor, the agent is entitled to his commissions.

3. **BROKERS**—Action for Commissions—Extent of Recovery. Same as paragraph 1 of the syllabus in Scully v. Williams, infra, 108 Pac. 395.

(Syllabus by the Court.)

*Error from District Court, Muskogee County; James R. Tolbert, Judge.*

Action by J. A. Markham and others against D. Roberts. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Mont T. Sharp,* for plaintiff in error.

*Thomas H. Owen,* for defendants in error.—Citing: *Tyler v. Parr,* 52 Mo. 249; 1 Ballard, Real Prop., §361.

WILLIAMS, J.   The commission for the sale of a certain lot in the city of Muskogee is involved in this action. The case having been tried by the court without the intervention of a jury, and a general finding having been made in favor of the plaintiffs, the same is a finding of every special thing necessary to be found in order to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact. *McCann v. McCann et al.,* 24 Okla. 264, 103 Pac. 694.

The exclusive right to sell not being given, the owner may sell independent of the agent, and in such case he will not be liable to the agent for the commission, unless he sells to a purchaser procured by the agent. *Birch v. McNaught,* 23 Okla. 634, 101 Pac. 1049; 1 Ballard on the Law of Real Property (4th Ed.) § 361. In the case of *Tyler v. Parr*, 52 Mo. 249, it is said:

"The law is well established that, in a suit by a real estate agent for the amount of his commission, it is immaterial that the owner sold the property and concluded the bargain. If, after the property is placed in the agent's hands, the sale is brought about or procured by his advertisement and exertions, he will be entitled to his commissions; or if the agent introduces the purchaser, or discloses his name to the seller, and through such introduction or disclosure negotiations are begun, and the sale of the property is effected, the agent is entitled to his commissions, though the sale may be made by the owner."

See, also, *Scott v. Patterson & Parker,* 53 Ark. 49, 13 S. W. 419; *Graves et al. v. Bains & Woodward,* 78 Tex. 92, 14 S. W. 256; 1 Ballard on the Law of Real Property (4th Ed.) p. 491, § 361; *Jones v. Adler,* 34 Md. 440; *Lincoln v. McClathchie,* 36 Conn. 136; *Durkee v. Vermont Central Railway,* 29 Vt. 127; *Wilkinson v. Martin,* 8 Car. & P. 5.

It is contended by plaintiff in error that there was no evidence tending to establish the amount of the agent's compensation by contract. If there was evidence tending to show an express or implied contract as to the agency, and no agreement as to the amount of compensation, there being evidence introduced without objection as to the reasonable or customary value of such compensation, such evidence would be sufficient to sustain the finding of the court. In the case of *Scully v. Williamson, infra,* 108 Pac. 395, paragraph 1 of the syllabus reads as follows:

"When a real estate broker sues to recover compensation for services rendered in procuring a purchaser under a contract which fails to fix the rate of compensation, he is entitled to recover a fair and reasonable compensation for the services, rendered in compliance with his contract."

It follows that the judgment of the lower court must be affirmed.

All the Justices concur.