SELBY v. JARRETT.

No. 1105.    Opinion Filed October 10, 1911.

(118 Pac. 371.)

**BROKERS**—Sale of Personalty—Commission. If an agent for the sale of personal property introduces a principal to a prospective purchaser and assists in procuring a sale, he is entitled to a compensation for his services, even though the principal makes the sale direct and at a lower price than the agent had been authorized to sell for, when the negotiations are continuous and it does not appear that the purchaser would not have bought at the agent's price.

(Syllabus by Ames, C.)

*Error from McIntosh County Court; Frank W. Rushing, Judge.*

. Action of E. T. Jarrett against J. L. Selby. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. M. Duffy,* for plaintiff in error.

*J. W. Robertson* and *John F. Vaughn,* for defendant in error.

Opinion by AMES, C. The plaintiff sued the defendant for a commission for negotiating a sale of certain personal property. The case was originally tried in a justice court, where the plaintiff recovered a judgment. On appeal by the defendant it was tried in the county court, where the plaintiff again recovered a judgment. The substance of the plaintiff's testimony, which, in view of the verdict of the jury, must be taken here as established, is that he and the defendant jointly owned a barber shop and pool hall; that on the morning of November 20th he sold his interest to the defendant; that after the sale the defendant told him that if he could find a purchaser for the entire business he would pay him well, if the sale could be made that day; that in the afternoon he found a prospective purchaser, interested him in the purchase, took him to the defendant, got a price from the defendant, discussed the business with the purchaser, and left the purchaser

and the defendant together discussing the matter; that the defendant made a price of $2,400, and agreed with the plaintiff not to take less than that; that in the evening of the same day the defendant, however, closed the sale to the purchaser for $2,000 and declined to pay any commission.

Two errors are assigned and discussed in the brief of the plaintiff in error: First, that the court erred in giving certain instructions; and, second, that the verdict was not supported by the evidence. The substance of the instructions complained of is that if the jury believed that the defendant agreed to pay Jarrett $150 if he found a purchaser for the property on the date mentioned, and that Jarrett was instrumental in procuring the purchaser, that he would be entitled to his commission, notwithstanding the fact that the defendant concluded the sale himself for less than the agreed price. We do not think it was error to give the instructions complained of. *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127; *Delta & Pine Land Co. v. Wallace,* 83 Miss. 656, 36 South. 263; *Schlegal v. Allerton,* 65 Conn. 260, 32 Atl. 363; *Williams v. Bishop,* 11 Colo. App. 378, 53 Pac. 239. Taking the verdict of the jury as substantially establishing the plaintiff's evidence, we do not think there was error in overruling the motion for a new trial.

For the reasons stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

All the Justices concur.