[Civ. No. 1148.    Second Appellate District.—September 23, 1912.]

EDWARD T. YOUMANS, Appellant, v. H. S. CLARKE COMPANY, a Corporation, Respondent.

ACCOUNT STATED—SUPPORT OF FINDING FOR LESS SUM THAN SUED FOR—UNAUTHENTICATED EXHIBIT FOR LARGER SUM NOT CONSIDERED.—In an action upon an account stated in the sum of $700, where the finding of the court for a less sum is supported, but an exhibit "A" is printed in the transcript purporting to be signed for the larger sum sued for, but such exhibit is not authenticated in any manner nor shown to have been used on the hearing of the motion for a new trial, it cannot be deemed any part of the record, nor considered upon the appeal for any purpose.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

I. Henry Harris, I. H. Harris, and Charles A. Bank, for Appellant.

C. L. Shinn, and E. L. Kenney, for Respondent.

SHAW, J.—The complaint alleges that defendant was indebted to the Hudson Hair Dryer Company upon an account stated in the sum of $700 for goods and merchandise sold and delivered to defendant at defendant's special instance and request; that the Hudson Hair Dryer Company assigned the account to one M. T. Emanuel, who in turn assigned the same to plaintiff. Other than admitting $280.05 of the alleged indebtedness, the answer denied all the material allegations of the complaint.

The court found that no account was ever stated between defendant and the Hudson Hair Dryer Company; that said Hudson Hair Dryer Company sold to defendant goods and merchandise of the value and for which defendant agreed to pay $280.05, which account plaintiff had acquired by assignment, and gave judgment accordingly. From this judgment, and an order denying his motion for a new trial, made upon

a statement of the case, plaintiff appeals, claiming judgment should have been rendered for the full sum of $700.

Upon the record presented, the appeal is without merit. The findings clearly support the judgment, and the statement contains uncontradicted evidence to prove that at the time of making said assignment defendant's indebtedness to the Hudson Hair Dryer Company did not exceed $280.05, as found by the court. For the purpose of showing that such finding, and the finding that no account was ever stated between the parties, are without support, appellant relies upon a purported document, signed by defendant, which he claims constitutes an account stated, whereby defendant admitted an indebtedness in the sum of $700. This document, however, was not incorporated in the record, nor does it purport to be authenticated in any manner whatsoever, and, hence it cannot be deemed a part of the record or entitled to be considered for any purpose on the appeal. The only reference to the document is in the statement of the testimony of M. T. Emanuel, who testified: "On the twenty-ninth day of November, 1910, Mr. H. S. Clarke (president of defendant) and I discussed these transactions, and at the end of that conversation he signed the paper you have just handed me. (Paper introduced in evidence and marked 'Plaintiff's Exhibit A.')" At the end of the transcript, following the clerk's certificate, is printed a document marked "Plaintiff's Exhibit A," but there is nothing to identify such paper as being the one signed by defendant and introduced in evidence at the trial, or to show that it or any document was used upon the hearing of the motion for a new trial. As disclosed by the record, the purported document is a mere loose sheet of unidentified paper, there being nothing in the body of the statement to show that it constituted a part of the record used upon the hearing, as was made to appear in the case of *Sharon* v. *Sharon,* 79 Cal. 633, [22 Pac. 26, 131]. This conclusion renders it unnecessary to consider other points discussed by the parties.

The judgment and order are affirmed.

Allen, P. J., and James, J., concurred.