## SCHLEGEL v. FULLER.

No. 4583.    Opinion Filed June 8, 1915.

(149 Pac. 1118.)

1. **BROKERS — Actions for Compensation — Question for Jury.** Where there is conflicting evidence as to the terms upon which real estate is listed with a broker, and as to who was the procuring cause of the sale of the real estate, these are both issues of fact to be determined by the jury.

2. **EVIDENCE—Admissibility—Conclusion of Witness.** It is not error to sustain an objection to a question propounded to the purchaser of real estate which calls for a conclusion of the witness as to who influenced him to make the purchase. That is a question to be determined by the jury from all the acts and facts testified to.

3. **BROKERS—Compensation—Procuring Purchaser—Sale.** If a real estate broker claims a commission for his services, where no sale is actually consummated, then he must prove, by competent evidence, that he produced a purchaser able, ready, and willing to buy at the price and upon the terms fixed by the owner. But, where a sale is actually made and the deal closed by the owner himself, then the question of the ability, readiness, and willingness of the purchaser to buy is eliminated. And the fact that the owner himself closed the deal will be taken as conclusive that the terms were satisfactory to him.

4. **SAME—Sale by Owner—Reduced Price.** If an owner of real estate lists his property with a real estate broker, and then sells directly, at a reduced price, to a purchaser the broker had found, and with whom he was negotiating a sale, without having introduced him to his principal, then the owner is liable to the broker for a commission on the price received.

(Syllabus by Brett, C.)

*Error from District Court, Bryan County;*

*A. H. Ferguson, Judge.*

Action by E. E. Fuller against E. Schlegel. Judgment for the plaintiff, and defendant brings error. Affirmed.

*McPherren & Cochran,* for plaintiff in error.

*W. E. Utterback* and *V. B. Hayes*, for defendant in error.

Opinion by BRETT, C.   This action was commenced in the district court of Bryan county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant (the parties will hereinafter be referred to as they appeared in the lower court), to recover $500, alleged to be due plaintiff as a real estate broker.

The petition, in substance, alleges that on September 7, 1911, the defendant, E. Schlegel, was the owner of certain real property in the city of Durant, known as the "Corner Drug Store"; that plaintiff, E. E. Fuller, was at that time a real estate agent, with his place of business in Durant; that on said date the defendant listed said property with plaintiff for sale; that plaintiff was to receive a commission of $500 for the sale of said property; that he interested and procured one L. F. Lee as the purchaser of said property, and that through his procurement, on the 11th day of September, 1911, the defendant consummated a sale of the property to the said L. F. Lee and his partner for the sum of $11,000; that said sum of $11,000 was less than the price fixed by the defendant to the plaintiff, but that the defendant himself closed the deal at that price, with the purchaser procured for him by the plaintiff; that his services were reasonably worth $500—and asked judgment for that amount.     -

The defendant filed a general denial, and upon the issues thus joined the cause was tried to a jury, which found for the plaintiff in the sum of $250, and judgment was rendered upon their verdict.   To reverse this judgment the defendant has perfected this appeal to this court.

There is no conflict in the evidence as to the fact that the property was listed with the plaintiff, and that the plaintiff called Lee's attention to the property, and priced it to him at $11,500; that they talked at length about the deal, and that almost immediately after this conversation Lee went to the defendant and talked with him in person about the deal, and on the date alleged in the petition closed the deal with the defendant for the property at $11,000. It also appears that Lee did not tell the defendant he had been negotiating with plaintiff, and the defendant did not ask him whether he had or not, and plaintiff did not notify the defendant that Lee was a prospective purchaser. But there is a sharp conflict in the evidence as to the terms upon which the property was listed with the plaintiff, and as to who was the procuring cause of the sale. But these were both issues of fact, under proper instructions, to be determined by the jury (*Yarborough v. Richardson*, 38 Okla. 11, 131 Pac. 680; *Wheelan v. Hunt*, 37 Okla. 523, 133 Pac. 52; *Grimes v. Emery*, 94 Kan. 701, 146 Pac. 1135), and the jury found for the plaintiff on both issues, and this court will not disturb their verdict, unless it appears that there is not competent evidence sufficient to support it. We have examined the record, and find sufficient evidence on both propositions to sustain the verdict of the jury.

But the defendant complains because the witness Lee was not permitted to answer the following question:

"I will ask you if Mr. Fuller seeing you, and talking with you there, and offering to let you have it for $11,500, that had anything to do with you seeing Mr. Schlegel with reference to the matter?"

We think the objection to this question was properly sustained. It was a question for the jury to determine,

from all the acts and facts testified to, whether Mr. Fuller had anything to do with the purchaser, Lee, seeing the owner of the property; and it would have been improper to allow the witness Lee by a conclusion of his own to invade their province.

The defendant also assigns as error instructions Nos. 1, 2, and 3. We have carefully examined the instructions complained of, and think they fairly state the law applicable to the facts of this case.

The defendant, however, complains of the instructions because the court fails "to instruct that the person procured by the broker must be ready, able, and willing to buy on the terms fixed between the broker and the owner," and cites numerous authorities in support of this contention.

There is, however, a clear distinction between the facts in the cases cited by the defendant and the case at bar. In the cases cited, for one reason or another, the sale was never consummated; and, of course, under those circumstances, the agent would have to prove that the party he produced as a purchaser was ready, able, and willing to buy at the price fixed by the owner before he would be entitled to recover a commission. But in the case at bar the property was actually sold to Lee, plaintiff's purchaser, and the deal was closed by the owner himself, and upon terms satisfactory to him; and under that state of facts the question of the ability and willingness and readiness of the purchaser to buy is eliminated, and the fact that the owner himself closed the deal must be taken as conclusive that the terms were satisfactory to him.

Then the only remaining question we deem it necessary for us to consider under this assignment is whether

the fact that the owner sold the property for less than the agent was authorized to sell it for, defeats the agent's right to recover a commission. We do not think that it does. The syllabus in *Selby v. Jarrett*, 30 Okla. 74, 118 Pac. 371, states that:

"If an agent for the sale of personal property introduces a principal to a prospective purchaser and assists in procuring a sale, he is entitled to a compensation for his services, even though the principal makes the sale direct and at a lower price than the agent had been authorized to sell for."

And in the body of the opinion the court says:

"The substance of the instructions complained of is that, if the jury believed that the defendant agreed to pay Jarrett $150 if he found a purchaser for the property on the date mentioned, and that Jarrett was instrumental in procuring the purchaser, that he would be entitled to his commission, notwithstanding the fact that the defendant concluded the sale himself for less than the agreed price. We do not think it was error to give the instructions complained of. *Roberts v. Markham et al.*, 26 Okla. 387, 109 Pac. 127; *Delta & Pine Land Co. v. Wallace*, 83 Miss. 656, 3 South. 263; *Schlegal v. Allerton*, 65 Conn. 260, 32 Atl. 263; *Williams v. Bishop*, 11 Colo. App. 378, 53 Pac. 239."

*Williams v. Bishop*, 11 Colo. App. 378, 53 Pac. 239, *supra*, holds that:

"One who sells directly at a reduced price property listed with a real estate broker to a purchaser the broker had found, and with whom he was negotiating a sale without having introduced him to his principal, is liable for commissions on the price received."

The defendant next assigns as error the refusal of the court to give three requested instructions. These requests, however, are amply covered by the instructions given by the court.

The remaining assignments are directed at the action of the court in not sustaining the demurrer to the evidence, and in overruling the motion for a new trial, which we think have been disposed of by what has already been said.

We think the judgment of the lower court should be affirmed.

By the Court: It is so ordered.