## MENTEN v. RICHARDS *et al.*

No. 4894.   Opinion Filed November 23, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1177.)

1. **APPEAL AND ERROR—Harmless Error—Admission of Evidence.**   Error cannot be based upon the admission of incompetent evidence which tends to prove a fact which is not controverted, but admitted.

2. **BROKERS—Right to Commission—Procuring Cause of Sale.**   If the owner of a certain lot lists the same with a firm of real estate agents, and agrees that the listing shall be exclusive as to certain named prospective buyers, and that he would not deal with said prospective buyers except through said agents, and said agents enter into negotiations with said prospective buyers, show them the property and interest them in the purchase of the same, and introduce them to the said owner, and the said sale is finally consummated by the owner or another agent, but the aforesaid agents were the active, efficient, and procuring cause of the sale, then said agents would be entitled to the commission.

3. **SAME—**When property has been listed for sale with different real estate agents, the agent who succeeds in bringing the seller and purchaser together and induces them to enter into the contract is entitled to the commission.

4. **TRIAL—Instructions—Contentions of Parties.**   Each party to a controversy is entitled to have his theory of the case presented to the jury by proper instruction, provided the same has been properly pleaded and he has introduced evidence tending to support such theory.

(Syllabus by Mathews, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by W. O. Richards and another against Frank Menten.   Judgment for plaintiffs, and defendant brings error.   Affirmed.

*Keaton, Wells & Johnston,* for plaintiff in error.

*Bennett & Pope,* for defendants in error.

Opinion by MATHEWS, C.   The parties hereto will be designated as in the trial court.   This was an action to recover a real estate commission.   The plaintiffs alleged in their petition that on or about the 1st day of July, 1912, they were real estate agents in Oklahoma City, and that on said date the defendant listed with them certain real estate, and employed the plaintiffs to find a purchaser for the same at $27,000, and that the defendant agreed to pay for such services a commission of 2½ per cent. of the purchase price; that the plaintiffs accepted the said employment and listing, and on or about the 2d day of July, 1912, they produced R. M. Ingram and W. S. Herron, who were ready, able, and willing to purchase the property in compliance with the terms of listing, and negotiations were begun which afterwards terminated in the sale of the property to the said R. M. Ingram and W. S. Herron by the defendant, and that the plaintiffs were the procuring cause of said sale.   Wherefore they pray for judgment for the sum of $675 and costs of this action.   The defendant answered by general denial.

The defendant, in his brief, first complains of the ruling of the court in the admission of purported carbon copies of two letters written by plaintiffs to R. M. Ingram and W. S. Herron, after they had returned home from Oklahoma City, relative to the proposed sale to them of the lot out of which this controversy arose, and a letter written by the said Herron to plaintiff Richards in reply.   The only complaint defendant urges against the admission of either of these letters is the statement in the letter of Herron to Richards, wherein he states that he had already bought the property which plaintiffs were urging him to buy through them.   No prejudicial

error can be based on this, for the reason that it was not a controverted point, and defendant at the trial admitted the very fact stated in the letter to be true.

Defendant next attacks instruction No. 4, given by the court, which is as follows:

"If, after a fair and impartial consideration of all of the testimony in this case and in compliance with the instructions hereinafter given you, you find that plaintiffs have established, by a preponderance of the testimony, that on or about the first day of July, 1912, that the defendant listed his property with the plaintiffs and placed it in their hands for sale, as set out in the plaintiffs' petition, and that a sale was brought about in compliance with the terms of the listing by the exertion of the plaintiffs, or if you find that a contract was entered into, as set out in the plaintiffs' petition, between the plaintiffs and defendant, and that the plaintiffs introduced or disclosed the names of the purchasers to the defendant for the purpose of the sale of the property, and through such introduction or disclosure negotiations for the sale of the property were begun and then effected by the defendant, it would be your duty to find for the plaintiffs."

This instruction follows the rule laid down in the case of *Tyler v. Parr*, 52 Mo. 249, which is quoted with approval and followed in the case of *Roberts v. Markham*, 26 Okla. 387, 109 Pac. 127.

The objection defendant urges against the above instruction is that the facts in the case of *Roberts v. Markham, supra*, were entirely different from those in the case at bar, which more nearly resembled the facts presented in the case of *Nation v. Harness*, 33 Okla. 630, 127 Pac. 799. But the court also gave an instruction squarely in line with the rule laid down in the case of *Nation v. Harness, supra*, said instruction being as follows:

"You are further instructed that, where property has been listed for sale with different real estate agents, the agent who succeeds in bringing the seller and purchaser together and induces them to enter into the contract is entitled to the commission although another agent may have first brought the parties together."

In thus giving diverging instructions, to meet the rule in each of the above cited cases, defendant insists that the court runs counter to the rule laid down in the case of *Oklahoma Ry. Co. v. Milam,* 45 Okla. 742, 147 Pac. 314, and followed in the case of *Chicago, R. I. & P. Ry. Co. v. Clark,* 46 Okla. 382, 148 Pac. 998, wherein it was held that different instructions in the same charge should not be conflicting and confusing, but we do not believe the cases cited are applicable to the facts presented in the case at bar. It can readily be gathered from the pleadings and the evidence introduced by each party to the suit that the issues raised in the case were not exactly an affirmance upon one side and denial upon the other, but that the plaintiffs were contending that the defendant listed the property with them for sale, and agreed to protect them in their commission and give them the exclusive listing of the property as to W. S. Herron and R. M. Ingram; that is, he agreed that he would not deal with these parties except through plaintiffs, and that in compliance with said agreement they introduced the said Herron and Ingram to the defendant, showed them the property and interested them in the purchase of the same, and that the sale was completed through their initiative, and that they were the active, efficient, and procuring cause of the sale. They introduced evidence tending to support this contention.

The defendant contended that he did not list the property with plaintiffs, but told them that he would pay

them a commission if they could sell it for $27,000, but that he refused to give them the exclusive privilege of selling the property,· and had also extended the same privilege of selling the property to one J. W. Ingram, another real estate agent, who did effect the identical sale which plaintiffs were contending they brought about, and that he paid the commission therefor to the said J. W. Ingram, and his evidence was along that line.

Each party to the controversy was entitled to have his theory of the case presented to the jury by proper instruction after he had introduced evidence tending to support such theory. The two instructions, *supra*, are not conflicting or confusing, but present clearly defined issues, and the giving of the same was not error.

The evidence was sharply conflicting, and the jury could easily have adopted either theory, but saw fit to accept plaintiffs' testimony as true, and follow the same, and the evidence is sufficient to sustain the same.

Defendant cites *Hopkins v. Settles,* 46 Okla. 801, 149 Pac. 890, as in point, as follows:

"Questions arising out of a claim by a real estate broker for commissions or compensation generally depend upon the contract or understanding between him and the owner, under which the broker acts. The owner has the right to stipulate that he will not pay, or be in any way obligated to pay, for services in relation to the sale of his land, except in the event such sale is fully and finally consummated."

Defendant contended before the jury that he was not to pay the plaintiffs a commission unless they consummated the sale, and that the sale was consummated, not by the plaintiffs, but by one J. W. Ingram. Plaintiffs contended that they were the procuring cause of the sale,

and the jury by its verdict so found in line with plaintiffs' contention.

Defendant next complains of instruction No. 8, which is as follows:

"You are instructed that the relation between a principal and a real estate agent is one of confidence, and that the principal cannot accept the services of his agent and refuse him compensation agreed to be paid, and the principal, if he so chooses, may lower his price to the purchaser if found by the agent and make the sale, but if the efforts of the agent have brought about and procured the sale this will in no wise affect the agent's right to recover the commission agreed upon. It is the duty of the principal to act fairly and in good faith with his agent, and he cannot cut him out of the commission by negotiating directly with the purchaser for the purpose of avoiding his obligations with his agent. And in this connection you are instructed that, if after fair and impartial consideration of all of the testimony in this case, you find that the plaintiff has shown by a preponderance of the testimony that they had an express contract with the defendant to procure a purchaser for his property, and by their efforts they were the procuring cause for the sale, and through their disclosures that the purchasers were put in touch with the defendant, and the defendant afterward consummated the sale, it would be immaterial whether or not the property was sold at the price at which it was listed with the plaintiffs."

We see no vice in this instruction and believe it correctly stated the law applicable to the evidence introduced by plaintiffs for the reason above given.

The defendant offered the following instruction, which was refused:

"You are further instructed that, if you believe from the evidence that the purchasers of said property claimed to have been produced by plaintiffs would not have

bought said property at the price of $27,000, then defendant had a right to sell such property to them at a reduced price and would not be liable to plaintiffs for any commission under any contract that he might have made to pay them a commission if they found a purchaser for the property at $27,000."

The correct rule on this point is stated in *Selby v. Jarrett*, 30 Okla. 74, 118 Pac. 371:

"If an agent for the sale of personal property introduces a principal to a prospective purchaser and assists in procuring a sale, he is entitled to a compensation for his services, even though the principal makes the sale direct and at a lower price than the agent had been authorized to sell for, when the negotiations are continuous and it does not appear that the purchaser would not have bought at the agent's price."

The instruction offered fell short of stating the law correctly and was properly refused.

We have carefully examined the evidence in this case and can readily see why the jury saw fit to accept plaintiffs' testimony and return a verdict for the entire amount sued for. The evidence does not picture defendant's conduct in a very enviable light. To say the least of it, he utterly failed to deal with plaintiffs in that fair and candid manner that should accompany such transactions. The evidence shows him going to the extent of knowingly permitting, if not actually encouraging, plaintiffs to continue in their efforts to bring about a sale long after he had completed the same and the transfer deed was delivered. His conduct was such that it was not very appealing to the jury, nor to the court, and we believe justice and equity was upon the side of the plaintiffs and the verdict reached by the jury the correct one.

The judgment should be affirmed.

By the Court: It is so ordered.