## CHICKASHA INV. CO. v. PHILLIPS *et al.*

No. 7193.   Opinion Filed October 10, 1916.

Rehearing Denied December 12, 1916.

(161 Pac. 223.)

1. **TRIAL—Demurrer to Evidence—Effect.** Where at the close of all the evidence defendant interposes a demurrer to the plaintiff's evidence, same will be treated as a motion to direct a verdict in favor of defendant.

2. **TRIAL—Motion to Direct Verdict—Effect.** The question presented on a motion to direct a verdict is whether, admitting the truth of all the evidence in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict in favor of such party.

3. **BROKERS—Commissions—Actions—Jury Question.** Where there is a conflict in the evidence as to who was the procuring cause of the sale of real estate, the issue of fact thus made should be submitted to the jury under proper instructions.

4. **TRIAL—Instructions—Request.** Where propositions of law contained in requested instructions are fully and fairly covered in instructions given, it is not error to refuse such requests.

(Syllabus by the Court.)

*Error from County Court, Grady County;*
*N. M. Williams, Judge.*

Action by W. T. Phillips and O. S. Penny, partners, doing business under the firm name of Phillips & Penny, and others against the Chickasha Investment Company, a corporation. There was a judgment for plaintiffs, and defendant brings error. Affirmed.

*Holding & Herr,* for plaintiff in error.

*Bond, Melton & Melton,* for defendants in error.

HARDY, J.    Defendants in error, as plaintiffs, began this action to recover of plaintiff in error a certain sum alleged to be due as commissions for selling certain property belonging to plaintiff in error. The parties will be referred to here as they appeared in the trial court. Trial resulted in verdict and judgment for plaintiffs, and defendant prosecutes error.

The first ground urged for reversal is that the court erred in overruling defendant's demurrer to the evidence. An examination of the case-made fails to show that a demurrer was interposed at the close of plaintiffs' evidence, but does show that at the close of all the evidence demurrers were interposed. The action was originally against the Chickasha Investment Company and two individuals. The court sustained demurrers on behalf of the individual defendants and overruled demurrer of the Chickasha Investment Company. The journal entry of judgment recites that demurrer was interposed and taken under advisement by the court until the close of all the evidence. Inasmuch as it does not appear from the case-made that demurrer was interposed to plaintiffs' evidence at the close thereof, we shall treat the demurrer as a motion to direct a verdict or a request for a peremptory instruction in favor of defendant; and this would present the question whether, admitting the truth of all the evi-

dence given in favor of plaintiffs, together with such inferences and conclusions as may be reasonably drawn therefrom, there is enough competent evidence to reasonably support a judgment for plaintiffs. *Cooper v. Flesner*, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Harris v. M., K. & T. Ry. Co.*, 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858.

The property in controversy was a certain brick building in the city of Chickasha; and W. T. Phillips, one of the plaintiffs, testified that he figured out a proposition whereby the property in question could be purchased by the county for courthouse purposes upon the installment plan at an annual payment of less than the county was paying as rent, and submitted the proposition to the defendant, with whom he entered into an agreement regarding the sale thereof, and then submitted the matter to the board of county commissioners by taking it up personally with the chairman of the board and by filing a typewritten proposition with the county clerk while the board of county commissioners was in session, with the request that it be presented to the board. He further testified that the board of county commissioners did accept the proposition submitted by him; that Mr. Speake, president of the defendant company, told him after the purchase that the board of county commissioners had accepted the proposition submitted by him and purchased the property, and that plaintiff was entitled to his commission, and that the chairman of the board of county commissioners had told him that the proposition which the board accepted and upon which they purchased the property was the proposition submitted by him. The testimony of plaintiff as to the statements by the president of the defendant company and by the chairman of the board of county commissioners

was not denied. There was a conflict in the evidence of plaintiffs and some of the evidence of defendant, but that offered by plaintiffs which we have set out was sufficient to raise an issue of fact, and, if true, to support a judgment in their favor. This being true, it was the duty of the court to overrule the demurrer and submit the issues to the jury by proper instructions. *Lane v. C., O. & G. Ry. Co.,* 19 Okla. 324, 91 Pac. 883; *Taylor v. Ins. Co. of North America,* 25 Okla. 92, 105 Pac. 354, 138 Am. St. Rep. 906; *Midland Sav. & L. Co. v. Sutton,* 30 Okla. 448, 120 Pac. 1007; *Adams v. Coon,* 36 Okla. 644, 129 Pac. 851, 44 L. R. A. (N. S.) 624; *Gamble v. Riley,* 39 Okla. 363, 135 Pac. 390; *Mod. Brotherhood of America v. Beshara,* 42 Okla. 684, 142 Pac. 1014; *Schlegel v. Fuller,* 48 Okla. 134, 149 Pac. 1118.

In this connection it may be stated that after the proposition of plaintiff was submitted there appeared to be some delay in the negotiations, and the president of the defendant company, being anxious to consummate the deal, sought the assistance of one Lindsay, who had at one time served in the capacity of county clerk, and was then acting as tax ferret, and arranged with him to assist in furthering the proposition submitted. It was admitted by Mr. Speake, president of the defendant company, that he employed Lindsay because of his former experience, which he thought would help get the proposition through, and that the proposition which was gotten through was the one submitted by Phillips. Lindsay received a commission for his services, which was paid after this suit was commenced, one-half of which he paid Bradley, the county clerk.

Error is predicated upon the refusal of the court to give certain instructions requested by defendant. Re-

quest No. 1 was, in substance, to the effect that before plaintiffs could recover the jury must believe that plaintiffs submitted a plan of purchase to the board of county commissioners which was adopted by them through the efforts of plaintiffs. This proposition was covered by instruction No. 6, in which the jury were told that, if they believed from a preponderance of the evidence that plaintiffs, as agents of the defendant, brought about the consummation of the agreement and contract of sale, plaintiffs were entitled to recover. This was a correct statement of the law. If plaintiffs submitted the proposition to the board of county commissioners, and same was accepted, and the property purchased in pursuance thereof, it would be immaterial whether plaintiffs put forth any other effort in trying to pursuade or influence the acceptance of said proposition. Under these circumstances they would be the procuring cause of the sale, and would be entitled to their commission; and this proposition was fairly presented in instruction No. 6. *Roberts v. Markham et al.,* 26 Okla. 387, 109 Pac. 127; *Wheelan et al. v. Hunt,* 37 Okla. 523, 133 Pac. 52; *Eichoff v. Russell,* 46 Okla. 512, 149 Pac. 146.

Request No. 2 is, in substance, that if plaintiffs abandoned the employment and the sale was made through the efforts of others, plaintiffs could not recover. This point was fully and fairly covered by instruction No. 7, wherein the jury were told:

That, if they believed from the evidence that plaintiffs did not bring about the purchase of the property, "or that they had abandoned procuring a purchaser, and the matter was afterwards taken up by some one else, and the contract or agreement finally entered into between the investment company and the commissioners of Grady county was not brought about by the plaintiffs, but was consummated by other agency, your verdict should be a verdict for the defendant."

See *Nation v. Harness*, 33 Okla. 630, 126 Pac. 799; *Wheelan v. Hunt, supra; Menten v. Richards*, 54 Okla. 418, 153 Pac. 1177.

Request No. 3 was to the effect that plaintiffs would not be entitled to recover their commission unless they submitted their proposition to the board of county commissioners in open session. There was no error in refusing this request. Plaintiff testified that he filed his proposition with the county clerk while the commissioners were in session, and in the presence of the board, with the request that it be presented. The defendant relies upon the case of *Commissioners v. Seawell*, 3 Okla. 281, 41 Pac. 592, in support of this request. That case merely declares the rule that the board of county commissioners can only contract to bind the county while they are sitting as a board, and an agreement with one of the members in the absence of others does not bind the county. The statement there announced is the correct statement of the law, but that case does not hold that a person in order to enter into a valid contract with the county must personally appear before the commissioners while in session. In this case a written proposition was prepared and filed with the clerk, to be considered by the board, and it appears from the evidence and the findings of the jury that same was accepted by them while in regular session, and a purchase of the property actually consummated.

There are no exceptions to the instructions given.

The judgment of the trial court is therefore affirmed.

All the Justices concur.