### KELLY v. COTNER.

No. 11148—Opinion Filed May 15, 1923.

(Syllabus.)

1. **Brokers — Real Estate Commission— When Earned.**

Where a real estate agent, for a stipulated commission, undertakes to sell certain

property at a given price on specified terms, and brings the vendor and purchaser together, he is entitled to his commission even though the vendor accepts a lower price, and makes different terms, in order to consummate the sale

## 2. Trial—Sufficiency of Instructions—Refusal of Requests.

It is not error to refuse to give a requested instruction, though the same correctly states the law, if substantially the same instruction is embodied in the instructions of the court to the jury, and the instructions as a whole correctly state the law applicable to the facts.

Error from District Court, Jefferson County; Thomas A. Edwards, Judge.

Action by Paul S. Cotner against E. J. Kelly to recover broker's commission. Judgment for plaintiff, and defendant brings error. Affirmed.

Bridges, Vertrees & Anderson, for plaintiff in error.

Moore & West, for defendant in error.

NICHOLSON, J. This action was brought by Paul S. Cotner, as plaintiff below, against E. J. Kelly, as defendant below, to recover the sum of $1,000, on two causes of action set out in the petition; the first being for the sum of $500, based upon a check for that amount, executed and delivered to the plaintiff by the defendant, payment of which was stopped by the defendant, and the second being for the sum of $500 for commission alleged to be due the plaintiff for the sale of a certain oil lease owned by the defendant.

When the case was called for trial, and before the jury was impaneled, the defendant tendered to the plaintiff the sum of $500, with interest, sued for in plaintiff's first cause of action, in full settlement of both causes of action, which tender the plaintiff refused to accept.

The defendant did not contest his liability on the first cause of action, and this cause of action was withdrawn from the consideration of the jury, and judgment rendered for the plaintiff thereon. The case was submitted to the jury on the second cause of action and a verdict returned in favor of the plaintiff for the amount claimed, upon which judgment was duly entered, and to review which this proceeding in error was instituted.

The evidence on behalf of the plaintiff shows that Kelly requested Cotner to sell for him an oil and gas lease on 80 acres of land for the sum of $50 per acre, and

agreed to pay him a commission of $500 if he effected a sale at that price. Cotner immediately submitted the matter to a Mr. Beatty, who was then in Cotner's office, and who agreed to purchase the lease at the price named; that Beatty and Judge Cham Jones, who was interested in the transaction, went to Kelly's office and closed the transaction with him.

Kelly testified that he listed the lease with Cotner, but that he only agreed to pay the customary commission, and did not agree to pay the sum of $500. He further testified that he told Cotner that he would give him until noon the next day to make the sale; that the sale was not made at noon, but sometime in the afternoon Beatty and Judge Jones went to his office, and that he sold the lease to Beatty for $2,000 cash and $2,000 of the capital stock of the Waurika Petroleum Company, which was being organized by Beatty, Judge Jones, and others, and for which company the lease was purchased. Beatty testified that he purchased the lease for the Waurika Petroleum Company through the instrumentality of Cotner, who brought about the negotiations and the consummation of the deal; and the testimony of Judge Jones is to the same effect.

The only error complained of is the action of the trial court in refusing to give certain instructions requested by the defendant.

Instruction No. 1, requested by the defendant, was to the effect that if Beatty agreed to purchase the property in question at $50 per acre, but afterwards abandoned such agreement, and he, with Judge Jones, proposed to organize a corporation and purchase the property on different terms and conditions than those the plaintiff stated were made, the plaintiff would not be entitled to recover. This instruction did not correctly state the law.

In Doub & Co. v. Taylor, 48 Okla. 713, 150 Pac. 687, the rule is stated thus:

"Where an agent for a stipulated commission undertakes to sell certain property at a given price, and pursuant thereto brings the seller and buyer together, he is entitled to such commission, even though the vendor accepts a less sum than that so designated as the basis of the sale."

To the same effect are Selby v. Jarrett, 30 Okla. 74, 118 Pac. 371; Schlegel v. Fuller, 48 Okla. 134, 149 Pac. 1118; and Treese v. Shoemaker, 80 Okla. 235, 195 Pac. 766. The court did not err in refusing this instruc-

tion, and as requested instruction No. 3 was practically the same as No. 1, it was not error to refuse it.

By requested instruction No. 2, the court was asked to advise the jury that if it was found that the defendant fixed a definite time in which the plaintiff was to procure a purchaser, and that plaintiff failed to find a purchaser on the terms and conditions of the defendant within the time fixed, the plaintiff would not be entitled to recover. The substance of this instruction was embodied in the court's instruction No. 4, and the rule is well established that it is not error to refuse to give an instruction which correctly states the law, if substantially the same instruction is embodied in the instructions given and the instructions given, taken as a whole, correctly state the law. Carden v. Humble, 76 Okla. 165, 184 Pac. 104.

The instructions given fairly and correctly stated the law applicable to the facts, and, no reversible error appearing in the record, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, COCHRAN, and MASON, JJ., concur.