CASE 31—ACTION TO RECOVER COMMISSION FOR SELLING REAL ESTATE.
—OCT. 17.

# Higgins v. Miller, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR PLAINTIFFS AND DEFENDANT APPEALS. REVERSED.

REAL ESTATE BROKERS—COMMISSIONS FOR SELLING.

Held. When property has been listed for sale with different real-estate agents, the agent who induces the seller and purchaser to enter into the contract is entitled to the commission, though another agent may have first brought the parties together.

MATT O'DOHERTY, ATTORNEY FOR APPELLANT.

1 The appellees *did not find* Dunlap, the purchaser. Therefore unless *they actually* sold the property to him at some price named by appellant, or agreed upon, they were not entitled to the com-

missions. An agent who first finds the purchaser and introduces the property to him stands on quite a different plane from one who merely renews or continues a trade or negotiations which another has begun.

2. Appellees abandoned the attempt to sell to Dunlap, and he had broken off all negotiations with them several days before he and Nugent began negotiations which ended in a sale of the property.

3. The property was with the appellee's knowledge in the hands of several agents, the rule of non-interference applies only as to the owner, and the agent who first actually sells the property is entitled to the commissions. Wylie v. Marine Nat. Bank, 61 N. Y., 415, & 417; Tombs v. Alexander, 101 Mass., 255; McClure v. Payne, 49 N. Y., 561; Hobbs v. Miller, 14 Rep., 719; Tamplet v. Saffel, 15 Rep., 94; Coleman's Exr. v. Meade, 13 Bush., 360; Am. & Eng. Ency. of law Vol. 2 p. 585; Vreeland v. Vetterleith, 33 N. Y., sec. 249; Doonan v. Ives, 73 Ga., 295, 302.

W. W. THUM, ATTORNEY FOR APPELLEE.

POINTS AND AUTHORITIES:

"If the principal accepts the person presented either upon the terms previously proposed or upon modified terms then agreed upon and a valid contract is entered into between the principal and the person presented by the broker, the commission is earned." Coleman's Exr. v. Mead, &c., 13 Bush, 358.

"One employed to find a purchaser at a certain price is entitled to his commission, although the principal sells to his customer so found at a lower price, for the rule is that a real estate agent has earned his commission when he procures a party with whom his principal is satisfied, and who contracts for the property at a price accepted by the owner." Curry v. Fetter, 15 Ky. Law Rep., 494.

This is a just proposition, otherwise the seller would too often name his figure, and when the real estate agent has found a customer who is not willing to give quite so much, then the seller would fall a little, accept the purchaser and defeat the agent of his commission.

Hobbs v. Miller, 14 Ky. Law Rep., 719, decided prior to Curry v. Fetter, is not opposed to the later case. But the agent's commission was denied because he had by special contract accepted employment under written terms by which he was not to get a commission unless the property brought over a certain amount, and because in that case also the owner really made the sale, the purchaser not being found by the agents. Lunney v. Healey, 44 Lawyers' Rep. Annotated, 593; Breckinridge v. Claridge & Payne, 43 Law Rep., Ann., p. 593.

Higgins v. Miller &c.

Opinion of the court by JUDGE PAYNTER—Reversing.

The appellant was the owner of a house and lot in the city of Louisville, and was desirous of selling it, hoping to realize $13,000 or more for it. The appellees, Miller & Bohannon, are real estate agents in the city of Louisville; so are John H. Brand and Richard T. Nugent. She listed the property with the appellees and each of the other parties named for sale. This fact was known to the appellees. A sale was finally consummated to Joseph P. Dunlap through Nugent. The testimony tends to show that Dunlap's attention was first called to the property by some member of his family, through the instrumentality of Brand, and also shows that he had many interviews with the appellees in regard to the sale of the property, and had made offers to the appellant through them for its purchase, but each of his offers seem to have been declined; at any rate, not accepted. He also made offers through Brand for it, and endeavored to purchase it through his agency. A few days before he became the purchaser, he was approached by Nugent, who endeavored to sell it to him. After this he notified the appellees that all negotiations were off. The claim of the appellees is that they procured a purchaser for the property by first interesting him in its purchase, thus bringing on the negotiations that ultimately resulted in a contract of sale, and for that reason they are entitled to commission. This claim is based upon the idea that they were the first to bring the purchaser and seller together. As we have said, the testimony tends to show that it was through Brand's agency that he became aware that the property was for sale, and through him that he first became interested in its purchase. We understand the doctrine to be that when a broker undertakes to furnish a purchaser, and presents

one, the employer is not bound to accept him or pay the commission, unless he is ready and able to perform the contract according to the terms proposed; but if the principal accepts him upon the terms proposed, or modified terms, then agreed upon, and a valid contract is entered into between the principal and the person presented by the broker, the commission is earned. Coleman's Ex'r v. Meade, 13 Bush, 363. We have here, however, a case where the appellant not only listed her property for sale with the appellees, but with two other real estate agents in the city. The party who became the purchaser seems to have made as much of an effort to purchase through Brand as through the appellees, and finally, as we have said, purchased it through Nugent. Who, then, should receive the commission? Certainly each of the agents did not consummate the sale and earn the commission. The question, then, is, who is entitled to it, under the facts of this case? The brokers acted independently of each other, and, in order to ascertain who is entitled to the commission, we must determine which one of the agents was the efficient cause of the sale. In a case where there is but one broker, it can be told without difficulty. The same rule can not apply where a number of agents, acting independently, are endeavoring to consummate a sale of property, as where there is only one. When it is openly in the hands of a number of agents, they all know that each will probably be active in his efforts to consummate a sale; that each has the right to solicit a purchaser whenever an opportunity is offered; that each knows he has competitors in the efforts he is putting forth to make a sale; that each knows, if he fails to effect a sale, another agent is likely to do so by applying his powers for driving a bargain, and may succeed. While these competitive efforts are going on, the

owner of the property is silently awaiting for an acceptable offer by one of the agents who has undertaken to make a sale for him. Neither of the agents can complain of him because another agent is actively endeavoring to consummate a sale. Our opinion is that, when property has been listed for sale with a number of real estate agents, the one who succeeds in bringing the seller and purchaser together, and induces them to enter into the contract, is the one who has earned the commission and this is true, regardless of the question as to who first introduced the seller and purchaser. In Vreeland v. Vetterlein, 33 N. J. Law, 247, the court had under consideration the question of commission where a number of real estate brokers were endeavoring to consummate a sale. The court said: "Now, in this competition, the vendor of the property is to remain neutral. He is interested only in the result. But when either of the agents thus employed brings a purchaser to him, and a bargain is struck at the required price, on what ground can he refuse to complete the bargain? Can he say to the successful competitor, 'This purchaser was first approached by your rival, and you should have refused to treat with him on the subject.' There is no legal principle upon which such a position could rest. It is contrary to the usages of everyday commerce. Every advertisement of a stock of goods for sale has a tendency to carry off the customers of rival dealers. And if, therefore, it should be known to the vendor of the property that the agent, who introduces a purchaser to him, has, by the usual arts of competition, taken such purchaser out of the hands of his rival, I am not aware of anything in the law which would justify such vendor in a refusal to complete the contract." As Nugent succeeded in taking Dunlap, the purchaser, out of the hands of the appellees and

Brand, and had him make an offer which was accepted by the appellant, neither appellees nor Brand are in any condition to claim commissions from the appellant. The judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.