## Kice v. Dugan.

(Decided May 16, 1911)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

Real Estate Agents—Listing Property for Sale With More Than One Agent—Who Entitled to Commission from Owner—When property has been listed for sale with a number of real estate agents, the one who succeeds in bringing the seller and purchaser together and induces them to enter into the contract is the one who has earned the commission and this is true regardless of the question as to who first introduced the seller and purchaser.

D. MOXLEY for Appellant.

N. H. DOSKER and B. F. WASHER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Prior to December, 1910, W. C. Dugan and Lizzie H. Dugan, his wife, listed with appellant, M. S. Kice, a piece of property which they desired to sell, situated in the city of Louisville on First street near Gray. Appellant was a real estate agent, and Dugan and wife promised him if he made a sale of their property they would pay him the customary price. Before any sale of the property was made and while it was still listed with appellant, Dugan and wife also listed it with Green, Washer & Co., another real estate firm, under a like contract. Kice was the first person to make Dugan and wife acquainted with Robert Craft, who later became the owner of their property. He first offered them in exchange therefor some property in the city of Louisville valued at so much, a farm in Hardin County valued at a certain amount and a definite sum of money in cash. Kice submitted this proposition to Dugan and he refused it, stating that it was ridiculous. Kice then spent a good deal of time in endeavoring to get Craft to make a better proposition, but Craft seemed to evade him and would give him no satisfaction. In the meantime, Green, Washer & Co., were at work trying to sell the property, and got hold of Craft and finally succeeded in persuading him to make a better proposition which the Dugans accepted, and the parties prepared, executed and delivered deeds which were put to record.

Kice brought this action against the Dugans for his commission, $375, and made Green, Washer & Co., defendants also. The case was submitted for trial and judgment, and Dugan and wife learned that their answer was not filed and moved the court to set the order of submission aside and allow them to file their answer, stating that they had employed a lawyer to prepare their answer admitting that they owed the commission to one or the other of the agents, and tendered the money in court, but denied that they owed both of the agents. The court set the order aside and permitted the answer to be filed, and of this Kice complains first. This was a matter within the discretion of the court and we are of the opinion that it did not err. No judgment had been rendered; the court only had the matter under consideration, and we are of the opinion that it was clearly right

in allowing the Dugans to file their answer under the circumstances.

The lower court gave Green, Washer & Co. the commission and dismissed appellant's petition, and he complains of this for two reasons; first, he claims the judgment should have been in his favor because he was the first to bring the seller and purchaser together, and he spent a good deal of time and money in endeavoring to bring about a trade between them; that he, in fact, was the efficient cause of the trade; second, he claims that as Green, Washer & Co. have already collected commission of $125 from Craft, it is illegal for them to collect another commission from the Dugans. This court has considered several cases where conflicts arose between real estate agents as to which was entitled to the commission on sales of property. This matter was fully discussed in the case of Higgins v. Miller, et al., 109 Ky., 209, wherein the court, after discussing the matter at length, summed it up as follows:

"Our opinion is that, when property has been listed for sale with a number of real estate agents, the one who succeeds in bringing the seller and purchaser together, and induces them to enter into the contract, is the one who has earned the commission and this is true, regardless of the question as to who first introduced the seller and purchaser."

The matter was again under consideration in the cases of Hopkins v. Moseley, et al., and Same v. Wallace, 31 Ky. Law Rep., 1308, 105 S. W., 104, and the court again announced the same principle. Under these authorities, the court was right in giving Green, Washer & Co. the commission, as they, according to the testimony, succeeded in bringing the parties to an agreement, consummated and completed the sale.

There is no charge of fraud against either of the parties. It is shown by all the witnesses who speak upon the subject, even appellant himself, that when real estate agents have property listed with them for sale by several persons, if they bring two of them together and they agree upon an exchange of property, the agent, according to the custom in that city, is entitled to collect commission from both of the parties. Whether this is a violation of the law or not, we do not decide as it is not

necessary for a determination of appellant's rights. The Dugans alone are affected by that question and they have not appealed.

For these reasons, the judgment of the lower court is affirmed.