## Al Koch Real Estate Company v. Durrett.

(Decided April 23, 1926.)

Appeal from Kenton Circuit Court.

Brokers—Broker Without Exclusive Agency to Sell Owner's Property Held Not Entitled to Commissions, where he did Nothing Toward Bringing About its Sale, Beyond Advertising it and Taking Ultimate Purchasers Out to See it.—Broker, who had no exclusive agency to sell owner's property, and did nothing towards bringing about its sale, beyond advertising it and taking ultimate purchasers to see it, held not entitled to commissions, where procuring and efficient cause of sale was efforts of other brokers who brought about consummation of transaction.

WM. F. CLARK for appellant.

F. W. SCHMITZ for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

Appellant, a real estate agent and plaintiff below, brought this action against the appellee, in which he averred that the latter had employed him to find a purchaser for certain property appellee owned known as the Martanna Apartments in Covington, and to sell the same at a price of $117,000.00, and had agreed to pay him for his services in so doing the usual commission charged by real estate agents in that community for like service. Appellant further averred that he did find a purchaser for appellee's property and did sell the same to such purchaser for $137,000.00, and he prayed for his commission upon such sale price. By his first amended petition appellant stated that he was a duly licensed real estate broker of the city of Covington. By a second amended petition, he set out that the property mentioned was sold for $110,000.00 instead of $137,000.00 as stated in the original petition. Appellant's pleadings being duly traversed, the parties went to trial. At the close of appellant's evidence, he tendered a third amended petition to conform, as he claims, to the proof and in which he stated that he had found and introduced to appellee a purchaser who was ready, able and willing to purchase the appellee's property and that the appellee had then dealt personally with the purchaser, modified his terms by reducing the sale price from $117,000.00 to $110,000.00 and then sold the property on such modified terms to such purchaser. The trial court refused to permit this third amended petition to be filed, and on appellee's motion, peremptorily instructed the jury to find for him. From the judgment entered on the verdict of the jury pursuant to such instruction, this appeal is prosecuted.

Appellant's evidence discloses that on November 14, 1922, his employe, Albert Loebker, visited the appellee for the purpose of securing from the latter for appellant the exclusive privilege of selling the Martanna Apartments belonging to the appellee. The appellee informed Loebker that while he would consider selling his property for $117,000.00 he would not give appellant an exclusive agency to do so nor would he even give him a contract in writing just to sell the apartments. He did agree, however, that if appellant brought him a buyer at the price mentioned he would pay him the three per cent commission claimed in this case.

On this understanding, appellant thereafter advertised the property for sale, and on January 3, 1923, Loebker took W. S. Burwell, Robert W. Tusch and Morris Van Derowsky, known in this record as Mr. Van, out to see the apartments. They looked over the property and inquired its price. Loebker told them that it was held at $125,000.00. They replied that this was too high and made a tentative counter proposition of $110,000.00, but Loebker responded that the property could not be bought for that price. The party then returned to the central part of the city and separated, but Loebker went at once to appellee and told him about having taken these men out to see the property. He testifies that appellee promised to protect appellant in this connection.

When Burwell, Tusch and Mr. Van, who were associated together in a lumber business in Cincinnati, returned to their offices in that city, Burwell remarked that he would like to get the Martanna Apartments if they could be had at the price he had mentioned of $110,000.00. Mr. Van, who also was interested in a realty firm, and who had handled other transactions for Burwell and Tusch, decided to get in touch with a firm of real estate brokers in Cincinnati known as Cohen and Cohen to see if they could not procure the property at a less figure than the $125,000.00 fixed by Loebker. He did so, and, as a result, Cohen and Cohen took the matter up with appellee. After some negotiations, they finally submitted on January 19, 1923, to appellee the written proposition of Burwell, who was acting for himself, Tusch and Mr. Van, to purchase this property for $110,000.00, of which $15,000.00 was to be in cash and the balance on terms. Appellee accepted this proposition and about the first of February, following, it was executed by the parties delivering the deed and paying the cash and other consideration called for. Appellee then paid Cohen and Cohen the usual real estate agent's commission for effecting the sale. Appellee, hearing of this transaction, made demand for his commission as stated, and on appellee's refusing to pay it, brought this suit.

For reversal, appellant contends that the court erred in refusing to allow his third amended petition to be filed and in peremptorily instructing the jury to find for appellee.

As to the first of these contentions, conceding without deciding that appellant was entitled to file this third

amended petition, we are of opinion that, with it filed, the court would still have been compelled to give the peremptory instruction it did. This case comes squarely within the rule announced in Kice v. Dugan, 143 Ky. 676, 137 S. W. 240. In that case Kice was a real estate agent and Dugan promised him that if he would make a sale of his property he would pay Kice the usual real estate commission. Kice had no exclusive agency. Before the sale of the property was made and while it was still listed with Kice, Dugan also listed it with another real estate firm known as Green-Washer & Company. Kice introduced Dugan to a man by the name of Robert Kraft, being the first person so to do. However, Kraft and Dugan were unable to come to any terms. Kice continued in his efforts to get Kraft to make a better proposition. In the meantime Green-Washer & Company were at work trying to sell the property. They also got ahold of Kraft and succeeded in persuading him to make a better proposition which Dugan accepted and the deal was consummated. Kice brought his action against Dugan for his commission. Dugan paid the money into court and interpleaded Green-Washer & Company. Green-Washer & Company then set up their claim to the money and the court had before it which of the two brokers was entitled to the same. This court held, as did the lower court, that Green-Washer & Company was entitled to the commission, saying:

"Our opinion is that, when property has been listed for sale with a number of real estate agents, the one who succeeds in bringing the seller and purchaser together and induces them to enter into the contract, is the one who has earned the commission, and this is true, regardless of the question as to who first introduced the seller and purchaser."

To the same effect are Higgins v. Miller, 109 Ky. 209, 58 S. W. 580, and Hopkins v. Moseley, 31 Ky. L. R. 1308, 105 S. W. 104. See also Talbott v. Treacy, 213 Ky. 8, 280 S. W. 153. These cases are conclusive of the one before us. Appellee refused to give appellant the exclusive agency to sell his property. The appellant did nothing whatever towards bringing about the sale of this property beyond advertising it and taking the ultimate purchasers out to see it. He did not even try to sell the property on that occasion to these ultimate pur-

chasers at the price he was authorized to take, nor did he submit their tentative counter proposition to appellee. It is clear that the procuring and efficient cause of the sale was the efforts of Cohen and Cohen, who brought about the consummation of the transaction. It would be hard to find two cases more alike in their facts than this and the Kice case, and for the reasons therein set out, the lower court committed no error in sustaining appellee's motion for a peremptory. Its judgment is, therefore, affirmed.