## Maddox-Grundy Company v. Helm et al.

(Decided March 27, 1931.)

274

J. S. LUSCHER for appellants.

JOSEPH J. HANCOCK for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

T. G. Maddox and G. Y. Grundy were partners in the real estate business in the city of Louisville, and conducted their business under the firm name of Maddox-Grundy Company. In January, 1930, they closed a trade by which G. W. Mahan contracted to exchange his farm in Shelby county for certain property owned by the Jefferson County Realty Company, and located in Louisville and New Albany, Ind. On the consummation of the trade, each of the parties to the transaction agreed to pay the partnership a commission of $1,000. Thereupon L. R. Helm and Charles S. Lloyd, who were also engaged in the real estate business, brought this suit against Maddox and Grundy to recover one-half of the commission. The ground on which a recovery was sought was that they furnished the owner of the farm and the defendants furnished the other contracting parties, and, where this was the case, it was the custom among the real estate brokers in the city of Louisville to share equally the commission on the consummation of the deal. Issue was joined, and a trial before a jury resulted in a verdict and judgment for plaintiffs. Defendants appeal.

According to appellees, G. W. Mahan and wife had listed with them their Shelby county farm. Prior to September 25, 1929, appellants inquired of appellees whether they had listed a farm, the owner of which would exchange for city real estate. Thereupon appellees advised appellants of the Mahan listing, and appellants requested them to get in touch with the owner of the farm and show him the city property, which their client desired to trade for a farm. At the same time they furnished appellees with a written list showing the location and description of the city property. Appellees showed the city property to Mr. Mahan. He finally submitted a written proposition to appellants. The matter dragged along for some time, during which appellees made numerous inquiries of appellants concerning the deal, but were informed by appellants that they were unable to get in touch with their client. The proposition made by Mahan was not accepted in toto, but the deal was finally closed by Mahan's agreeing to accept a portion of the property embraced in his proposition, together with other property located in New Albany. It was also shown by several real estate brokers that for a great many years it had been the custom among those engaged in the real estate business in Louisville for two brokers to share the commission where one of them furnished the seller and the other the buyer, or one of them the property and the other the buyer. On the other hand, the Maddox-Grundy Company defended on the ground, and their evidence tended to show, that the Mahan farm was not formally listed with appellees at the time; that the proposition made by Mahan was not accepted; that the Mahan farm had been listed with several real estate agents, and they knew it was for sale; and that the sale was due entirely to their own efforts and not to any efforts on the part of appellees.

In addition to an instruction authorizing a verdict of $1,000 in case the jury found for plaintiffs, the court instructed the jury as follows:

"If you believe from the evidence that upon the request of the defendants, T. G. Maddox and D. Y. Grundy, or either of them, plaintiff, L. R. Helm, or Charles S. Lloyd, or either of them, furnished to the defendants the location of a farm that the owner of which would accept or take city property in payment therefor, and that as a result of plaintiffs so

advising defendants of said farm that defendants did sell said farm in exchange for city property according to the evidence you have heard, then you will find for plaintiffs; but unless you so believe you will find for defendants.''

There being no evidence to the contrary, the court did not err in assuming the existence of the custom. Nor is there any ground on which the custom may be attacked. It is not prohibited by statute, or violative of any established rule of law. It is not unreasonable, but appears to be a fair and just solution of a trying question. In entering into the arrangement by which the trade was finally consummated, appellants and appellees did not use any language, or intimate in any way, that the custom was not to prevail. On the contrary, it is to be presumed from the long existence of the custom, and the knowledge thereof by both appellants and appellees, that the arrangement between them for bringing about the trade was made in the light of the custom, and that it entered into and formed a part of the contract.

Much reliance is placed on those cases holding that, where property is placed in the hands of several agents for sale, only he who succeeds in bringing the seller and purchaser together, and induces them to enter into the contract, is entitled to the commission. That that is the rule as between the owner of the property and the agents there can be no doubt. Higgins v. Miller, 109 Ky.˙209, 58 S. W. 580. But it is not controlling in a case like this, where the owner is not concerned, and only a proper division of the commission between two sets of brokers is involved. Where the custom in question prevails, the law will not measure with nicety the extent of the services rendered by two brokers and divide the commission accordingly, but will give effect to the custom, regardless of whether the efforts of the one or the other were the procuring cause of the sale or trade.

But the point is made that the farm had been listed with several agents, and that appellants knew it was for sale long before they had any dealing with appellees. Even if that be true, appellants did not appear to have acted on that information, or to have advised appellees that such was the case. On the contrary, the evidence justifies the conclusion that the negotiations that finally resulted in the trade were begun only after appellants were informed that Mahan had a farm that he would exchange for city property. In view of this situation, it

hardly can be said that appellants were entitled to a peremptory instruction.

We find no error in the instruction. If it be true, as submitted in the instruction, that, upon the request of appellants, appellees furnished them the location of a farm whose owner would accept or take city property in payment therefor, and as the result thereof appellants sold said farm in exchange for the city property, there can be no doubt that, under the custom shown to have been in force among the real estate agents of the city of Louisville, appellees were entitled to recover.

Judgment affirmed.