## Lindley v. E. F. Metzner Co.

Dec. 16, 1938.

EUGENE R. ATTKISSON for appellant.

EUGENE MOSLEY, JR. for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellee, E. F. Metzner Company, sued appellant, Helen I. Lindley, to recover a real estate agent's commission of five per cent, amounting to the sum of $625.

At the conclusion of the evidence on the trial the court gave a peremptory instruction in favor of appellee. Appellant appeals from the judgment on the verdict under that instruction.

During the summer of 1935 appellant listed her property, located in Jeffersonville, Indiana, with appellee, a Louisville, Kentucky, concern, for sale. During negotiations extending over a period of several weeks, W. J. Davis, of Indiana, who was introduced to appellant by appellee's agent as a prospective purchaser, purchased the property. Two proposals of sale were signed by both appellant and Davis, but were not carried out prior to the time the final sale agreement was entered into by them in Jeffersonville, Indiana. The first proposal was submitted to appellant by Davis and signed by her in due time in appellee's office in Louisville. However, some question had been raised by Davis, through appellee's agent, apparently about the method of handling the deferred payments, before appellant accepted this proposal; so it appears to have been disregarded. Appellant later went with a member of appellee's firm to see Davis at Greensburg, Indiana, at which time the second proposal was submitted by appellant to Davis. The main difference between the first and second proposals was that in the latter one there was a provision for the acceptance of certain stock as a part of the purchase price. The amount of the cash payment was the same in each proposal, but the total purchase price was increased from $12,500 to $12,600 in the second one. The second proposal was left with Davis and later signed by him and delivered to appellee's office. As pointed out, neither of these proposals was actually carried out, but the final sale agreement entered into between appellant and Davis called for the sale of the property in question at a price of $12,500, with a cash payment of $5,500. It appears, therefore, that the main question between Davis and appellant during the negotiations was the manner in which the deferred payments were to be made.

Appellant urges reversal because (1) a peremptory instruction was given in favor of appellee, (2) incompetent and irrelevant evidence was admitted, and (3) the court sustained a demurrer to appellant's answer pleading that the contracts between appellee and appellant were void because they were made in Indiana. Fur-

ther error is claimed because the court refused to transfer the action to the equity docket to reform the contract so as to show that it was signed in Indiana.

The incompetent evidence complained of related to an offer on the part of appellant to pay appellee $500 commission at the time the final sale agreement was entered into. Disregarding this testimony, we are of the opinion that the judgment of the lower court should be upheld because appellant listed her property for sale with the appellee in Louisville, Kentucky. Furthermore, the first sales agreement, which was substantially the same as the one finally entered into, was signed by appellant in appellee's office in Louisville. The facts in this case bring it within the rule that a real estate agent or broker is entitled to a commission when he introduces or brings together the owner of real estate and a prospective purchaser, and when his efforts result in the sale of the property to the prospective purchaser. Watts v. Barber, 275 Ky. 411, 121 S. W. (2d) 59; Al Koch Real Estate Company v. Durrett, 214 Ky. 162, 282 S. W. 1079; Higgins v. Miller, 109 Ky. 209, 58 S. W. 580, 22 Ky. Law Rep. 702; Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S. W. 111. It was clearly shown that appellee brought together appellant and Davis, the purchaser. Under the facts the court properly gave a peremptory instruction in favor of appellee.

Finding no error prejudicial to appellant's substantial rights, we are constrained to, and do, affirm the judgment of the lower court.